## YOUNG v. YOUNG.

Court of Appeals of District of Columbia.
Submitted January 5, 1927. Decided
April 4, 1927.

No. 4467.

1. **Libel and slander** ⊂⇒38(3)—**Generally defamatory matter in pleading, if relevant to issue in case, is "privileged," though it reflects on one not party.**

Generally defamatory matter, appearing in pleading filed according to law in a court having jurisdiction, if relevant and pertinent to the issue in the case, is privileged, even if it reflects on the character of one who is not a party to the suit.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Privileged Communication (in Libel and Slander).]

2. **Libel and slander** ⊂⇒123(8)—**Whether defamatory matter contained in pleading is pertinent or relevant to cause is question of law for court.**

Question whether defamatory matter contained in pleading or is not pertinent or relevant to the cause is question of law for the court in action for libel based thereon.

**3. Libel and slander ⬠97—Demurrer to petition does not admit pleader's allegation that defamatory matter published as part of pleadings in another cause was not relevant thereto.**

In action for libel, demurrer to petition alleging defamatory matter contained in pleading in another cause does not have effect of admitting pleader's allegation that the defamatory matter in question was not relevant or material to the cause in which it was set out; such question being one of law for the court.

**4. Libel and slander ⬠38(3)—Liberal construction will be adopted in determining whether defamatory matter contained in pleading is relevant to issue in cause.**

Liberal construction will be adopted in determining whether defamatory matter contained in pleading is relevant to the issue in suit in subsequent action for libel based thereon.

**5. Libel and slander ⬠38(3)—Allegations concerning husband's former wife, contained in pleadings in second wife's action for maintenance, held relevant and privileged.**

In wife's action against husband for maintenance, allegation that husband's former wife, asserting irregularity in divorce proceeding, had made demands on him for money, and that husband endeavored to conceal such fact, but later admitted that woman making demands had been his wife, and that she was a character of ill repute, and had been since before their marriage, and that he had satisfied her demands by making a financial settlement, *held* relevant to the issue involved, and hence privileged, and insufficient to support action for libel by husband's former wife.

Appeal from Supreme Court of District of Columbia.

Action by Lizzie E. Young against Ruby H. Young. Judgment for defendant, and plaintiff appeals. Affirmed.

R. M. Hudson and G. F. Curtis, both of Washington, D. C., for appellant.

T. P. Littlepage and S. F. Taliaferro, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The appellant was plaintiff below, and filed a declaration claiming damages from appellee, as defendant, because of an alleged libel. The court sustained a general demurrer to the declaration. The plaintiff stood upon her exceptions, and judgment was entered against her. This appeal followed.

In the declaration plaintiff averred, inter alia, that she had always possessed a good character and reputation and enjoyed the respect of all her neighbors, and had never been suspected or accused of immoral conduct until the commission by defendant of the grievances now complained of; that she was formerly the wife of Benjamin S. Young, but was afterwards divorced from him, and that he then married the defendant; that the defendant, while the wife of Young, filed a petition for maintenance against him in the Supreme Court of the District of Columbia; and that in her petition as thus filed defendant wickedly and maliciously composed and published concerning plaintiff certain false, defamatory, and libelous matter, which, with innuendoes, reads as follows, to wit:

"6. Petitioner (meaning defendant) further says that about three months after her marriage with respondent (meaning Benjamin S. Young) a woman (meaning plaintiff) appeared, claiming to be the wife (meaning plaintiff) of the respondent (meaning Benjamin S. Young), and because of some alleged irregularity in the proceedings by which the respondent (meaning Benjamin S. Young) divorced said woman (meaning plaintiff), as petitioner (meaning defendant) was informed and believes, said woman (meaning plaintiff) made demands upon the respondent (meaning Benjamin S. Young) for money. All this information respondent (meaning Benjamin S. Young) endeavored to keep from petitioner, but petitioner (meaning defendant) subsequently learned many of the details, and respondent (meaning Benjamin S. Young) later admitted to the petitioner (meaning defendant) that said woman (meaning plaintiff) had been his (meaning Benjamin S. Young) wife, that she (meaning plaintiff) was a character of ill repute, and had been such since before their marriage, and that he had satisfied her (meaning plaintiff) demands by making a financial settlement."

Plaintiff further alleged in the petition that these averments were each and all wholly superfluous, irrelevant, and impertinent to the issues raised or intended to be raised by the petition filed in the maintenance suit, and not in any manner connected therewith, but were intended to injure this plaintiff in her good name, by means whereof defendant had brought disgrace upon plaintiff to her great injury.

It is contended by appellee that the matter above copied from the petition for maintenance was relevant and material to the issues raised in that case, and was therefore privileged, and not actionable.

[1] The general rule is that defamatory matter appearing in a pleading filed according to law in a court having jurisdiction, if relevant and pertinent to the issue in the case, is privileged, even if it reflects upon the character

of one who is not a party to the suit. 36 C. J. 1253; 16 A. L. R. 749; Newell, Slander and Libel, § 382; Townshend on Slander, § 221; Cooley on Torts (3d Ed.) p. 432; Caines v. Ætna Ins. Co., 104 Ky. 695, 47 S. W. 884; Johnson v. Brown, 13 W. Va. 71; McGehee v. Ins. Co. (C. C. A.) 112 F. 853; Maulsby v. Reifsnider, 69 Md. 143, 14 A. 505 (remarks of counsel); Hoar v. Wood, 3 Metc. (Mass.) 193, 197; Carpenter v. Grimes Pass. Co., 19 Idaho, 384, 114 P. 42; Crockett v. McLanaham, 109 Tenn. 517, 72 S. W. 950, 61 L. R. A. 914. This conclusion does not violate the rulings of the Supreme Court in White v. Nicholls, 3 How. 266, 11 L. Ed. 591, nor in Nalle v. Oyster, 230 U. S. 165, 33 S. Ct. 1043, 57 L. Ed. 1439. The instant issue was not involved in the former case; and in the latter it did not appear that the defamatory matter was pertinent or material to the cause.

[2, 3] The question whether defamatory matter contained in a pleading is or is not pertinent or relevant to the cause is a question of law for the court, and not of fact for the jury. "The question of the relevancy or pertinency of matters contained in the pleading, when in issue, is never left to the jury, but is a question of law for the court." 17 R. C. L. p. 336; Harlow v. Carroll, 6 App. D. C. 128. It follows that a demurrer to a petition for libel does not have the effect of admitting the pleader's allegation that the defamatory matter in question was not relevant or material to the cause in which it was set out. Keeley v. Great Northern R. Co., 156 Wis. 181, 145 N. W. 664, L. R. A. 1915C, 986.

[4] In determining the question of relevancy in such cases, it is the rule that the construction should be liberal, and that the privilege should embrace any statement which may possibly be pertinent. All doubt should be resolved in favor of the relevancy or pertinency of the matter complained of. Andrews v. Gardiner, 224 N. Y. 440, 121 N. E. 341, 2 A. L. R. 1371; Hammer v. Forde, 125 Minn. 146, 145 N. W. 810; Simon v. London Guarantee & Accident Co., 104 Neb. 524, 177 N. W. 824, 16 A. L. R. 743; Kemper v. Fort, 219 Pa. 85, 67 A. 991, 13 L. R. A. (N. S.) 820, 123 Am. St. Rep. 623, 12 Ann. Cas. 1022. "There is no danger that the right of fearless advocacy will be unduly restricted by this limitation upon the privilege; for the matter, to which the privilege does not extend, must be so palpably wanting in relation to the subject-matter of controversy as that no reasonable man can doubt its irrelevancy and impropriety, and it will always be a matter of law for the judge, and never a question of fact for the jury, to determine that irrelevancy and impropriety." Morris, J., in Harlow v. Carroll, supra.

[5] We are of the opinion that the alleged libelous matter now in question, when tested by these principles, was privileged. It appears in a pleading filed in a court having jurisdiction over the cause and the parties, and it was pertinent or relevant to the issue raised in the case. That issue related to the right of the plaintiff in the case to a decree for maintenance against her husband, the defendant therein. And it may be said in general that all of his cotemporaneous pecuniary transactions and circumstances, as well as his conduct towards his wife, reflected upon the issue, and that his statements made to her concerning his financial affairs were competent to be pleaded and proved. It certainly cannot be said that all reasonable men must agree that such statements were irrelevant to the issue in the maintenance case. We agree, therefore, with the ruling of the lower court.

This conclusion makes it unnecessary for us to pass upon the motion filed by the appellee for a dismissal of the appeal for reasons therein stated. We should add that a copy of the petition in the maintenance case was improperly included within the present record, and has not been considered by us.

The judgment of the lower court is affirmed, with costs.