Joseph Donner, Plaintiff in Error, v. Robin W. C. Francis and Arthur Lederer, Defendants in Error.

Gen. No. 33,702.

410.

Opinion filed January 6, 1930.

·WILLIAM L. HOWARD and CHARLES E. LOY, for plaintiff in error.

DAVID D. STANSBURY and RICHARD H. WELSH, for defendants in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff's declaration alleged that defendants maliciously conspired and caused certain charges to be filed against him, knowing them to be false and untrue, thereby injuring plaintiff's reputation. A general demurrer was filed and sustained. Plaintiff electing to stand upon his amended declaration, it was adjudged that he take nothing. By this writ of error he seeks a reversal.

The parties are all under the United States Civil Service act and employed at the United States Veterans Bureau in the Edward Hines, Jr., Memorial Hospital in Illinois. The title of plaintiff's position in the hospital was Senior Laboratorian in Bacteriology, then and there under the United States Civil Service. Defendants are superior officers to the plaintiff, the defendant Francis being the officer in charge of the hospital and the defendant Lederer being plaintiff's immediate superior officer.

The first count of the declaration alleged that defendants maliciously contrived to have plaintiff dismissed from the service and to this end covertly

caused to be filed certain charges with the bureau, knowing the same to be untrue; that by said charges plaintiff was accused of conduct prejudicial to good conduct and loyalty and of making false charges against his superior officer, the defendant Lederer; by means whereof plaintiff without good and proper cause was dismissed and discharged from the service. The second count charged that plaintiff, while so employed, made application to the United States Veterans Bureau to be transferred to another hospital and it then and there became necessary for the superior officers aforesaid to make an indorsement upon a certain inquiry made by the bureau concerning the transfer of plaintiff to another hospital, and that the defendants maliciously made indorsement on said inquiry, setting forth that plaintiff's conduct was prejudicial to good discipline; that defendants published said libel by causing the written inquiry and indorsement to be mailed and transmitted to the United States Veterans Bureau at Washington, D. C., and to Major General Frank T. Hines, director of the United States Veterans Bureau, and that by reason of the same plaintiff was not transferred to another hospital. The third count alleges virtually the same matters and also alleges that in furtherance of the conspiracy to injure him, defendants pretended to make an investigation of the charges against him and refused to permit the plaintiff to make his lawful and proper defense thereto, as he was entitled to under the statutes and laws regulating the United States Veterans Bureau and caused a record to be made sustaining such charges in words and figures as follows:

"After carefully reviewing the charges, they have been sustained and your dismissal with prejudice, approved effective September 14, 1925.

W. H. Longfellow."

The fifth count is virtually the same; it alleges the filing and mailing of the record with reference to said

charges to Major General Hines at Washington. The sixth count alleges that defendant Francis visited and conferred with the United States Veterans Bureau at Washington, D. C., and Major General Hines and spoke defamatory words about plaintiff to the effect that he was not a desirable employee for the government.

Section 425, Title 38, page 196, United States Code Annotated, as amended July 2, 1926, and section 652, Title 5, page 265, contains the provisions regulating the operation of the United States Veterans Bureau and the employees therein. The act shows the establishment of the bureau; that it is under the charge of a director; that all employees, with such exceptions as the President of the United States may deem advisable, shall be subject to the United States Civil Service Law and regulations made thereunder. The Attorney General has held that a person in the classified civil service cannot be deprived of his status in the service except by removal, as provided in section 652, *supra,* and it is for the head of a department and not the civil service commission to determine when their records prove cause for removal. 1913, 30 Op. Attorney General 79. The statute on removals provides that charges shall be made in writing.

As to the allegations in the third count that plaintiff was not permitted to make his lawful defense, section 652 provides that no trial or hearing shall be required except in the discretion of the officer making the removal, and also that copies of the charges, notice of hearing and the order of removal, etc., shall be made a part of the records of the proper department or office, as shall also "the reasons for reduction."

The allegation as to the conversation of the defendant Francis with Major General Hines at Washington shows that it was an official communication.

The question whether or not words and writings are privileged is a question for the court and not for a jury. *Young v. Lindstrom,* 115 Ill. App. 239. All

communications, either verbal or written, passing between public officials pertaining to their duties and in the conduct of public business are of necessity absolutely privileged and such matters cannot be made the basis of recovery in a suit at law. *Spalding v. Vilas,* 161 U. S. 483; *McDavitt v. Boyer,* 169 Ill. 475; *Young v. Lindstrom,* 115 Ill. App. 239; *Haskell v. Perkins,* 165 Ill. App. 144. This principle was applied in *Standidge v. Thomson,* 239 Ill. App. 671, which quotes at length from *Bradley v. Fisher,* 13 Wall. 335, where an attempt was made to compel a trial judge to respond in damages for alleged malicious and defamatory words and acts during a trial. It was there said that, where the acts complained of were made by one in the exercise of his lawful authority and duty, he could not be held responsible for such acts in a civil action, however erroneous the act may have been and however injurious in consequences it may have proved to the plaintiff. A large number of other supporting cases were cited in *Standidge v. Thomson, supra.*

This rule must prevail in the instant case whether the action charges conspiracy or slander or libel. The acts complained of were done by the defendants acting in an official capacity, in what may be called a quasijudicial capacity. The duty to act was imposed upon them by law and they should not be subjected to vexatious litigation because of such acts; otherwise official independence would be entirely swept away.

The cases cited by plaintiff involving printed publications in newspapers are not in point. Such publications are, of course, voluntary and not imposed by any legal duty.

Defendants make the additional point that the statute of limitations has run and that when this appears on the face of the declaration, this defense may be raised by demurrer, citing *Kirkpatrick v. Monroe,* 234 Ill. App. 213. The holding in this case is contrary to the weight of opinion and does not correctly state the law. The defense that the statute of limitations

has run cannot be raised by demurrer even when it appears on the face of the declaration that the limitation has expired. Such defense must be presented by special plea. *Heimberger v. Elliot Frog & Switch Co.,* 245 Ill. 448, and cases there cited. The rule is otherwise in equity pleadings, and where it appears on the face of a bill that a cause is barred by the statute of limitations, the defect may be reached by demurrer. As pointed out in *Gunton v. Hughes,* 181 Ill. 132, special replications are not now permissible in equity pleadings, and matters which might be specially pleaded in reply to the answer must be availed of by amendments to the bill. It follows, therefore, when the bill sets up facts in avoidance of the statute of limitations, that their sufficiency may be tested by demurrer. But no such rule obtains in common-law pleadings, where special replications are not only allowable but are necessary.

"In actions at law, as contradistinguished from actions under the code, it has always been the established rule that if the defendant desires to avail himself of the statute of limitations as a bar to the demand in suit, he must plead the defense. He cannot demur to the declaration, even where it appears on its face that the limitation prescribed by the statute has expired, for the principal reason that thereby the plaintiff would be deprived of the opportunity of replying that the case was within some of the exceptions to the statute, or any other matter which would prevent the bar from attaching." 13 Ency. of Pl. & Pr. 200.

We hold that the declaration sets forth communications and acts absolutely privileged and the public interest and public service require that officials should not be in any way fettered in their official statements. 26 Cyc. 376.

The trial court properly sustained the demurrer, and the judgment is affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.