## BROWN v. SHIMABUKURO et al.

### No. 7570.

United States Court of Appeals for the District of Columbia.

Argued Dec. 11, 1940.

Decided Jan. 27, 1941.

---

18

Richard E. Wellford, of Washington, D. C., for appellant.

Vivian O. Hill, of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

This appeal is from an order dismissing, on the ground of privilege, a complaint charging libel. The alleged libel is in an affidavit which defendant Shimabukuro executed, and defendant Wattawa filed, in a previous suit.

In that suit Shimabukuro's wife was seeking a divorce, and Wattawa was his attorney. In the course of that suit Shimabukuro moved for a rehearing on his wife's motion for counsel fees, suit money, and alimony pendente lite. The offending affidavit was filed in support of that motion. In the affidavit Shimabukuro made various charges of misconduct against his wife, and various statements tending to show his own poverty and lack of earning capacity. He stated, among other things, that his wife "and her father preferred charges against him before the U. S. Attorney's Office; that such charges were wholly false and in affiant's opinion were made for the sole purpose of intimidating and blackmailing him; that as a result of the persistent litigation against him by plaintiff and her father and the preferment of these false charges, and of the notoriety and publicity, and certain race feeling, which their litigation and actions have caused, and by reason of the severe financial reverses which he has sustained, affiant has suffered great mental anguish, and is unable intelligently and consistently to carry on any business or occupation, even if he should be able to find the same." "Her father," referred to in the affidavit, is the present plaintiff. He alleges that the charge of blackmail was false and was intended to injure him.

In this jurisdiction, among others, statements in pleadings and affidavits are absolutely privileged if they have enough appearance of connection with the case in which they are filed so that a reasonable man might think them relevant. They need not be relevant in any strict sense.[1] A reasonable man might think that the statements of the defendants regarding the plaintiff were relevant, for they had some appearance of connection with the questions what the wife deserved, what her motives were in bringing the divorce suit, and what the husband could pay, questions which might influence a court's discretion in fixing alimony. They were therefore privileged, and the complaint was rightly dismissed.

Affirmed.

---

[1] Young v. Young, 57 App.D.C. 157, 18 F.2d 807. Cf. Sacks v. Stecker, 2 Cir., 60 F.2d 73.

A narrower view is sometimes taken. Union Mut. Life Ins. Co. v. Thomas, 9 Cir., 83 F. 803.