BOLLT v. MORGENSTEIN.

No. 1070.

Municipal Court of Appeals for the District of Columbia.

Argued June 4, 1951.

Decided June 20, 1951.

Rehearing Denied July 12, 1951.

4. See Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F.2d 766.

Sol M. Alpher, Washington, D. C., with whom Louis E. Spiegler, Washington, D. C., was on the brief, for appellant.

Leonard Kaplan, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Defendant gave his check drawn on a suburban bank to one Henry Males who endorsed it, and it was cashed for Males for its full face amount by plaintiff. Plaintiff deposited the check in his own bank, but it was returned by defendant's bank marked "exceeds balance in this account." Males died shortly thereafter. After protest plaintiff sued defendant as the maker of the check for the amount of the check plus protest fees and interest. A jury returned a verdict in favor of plaintiff for the full amount claimed. Defendant prosecutes this appeal.

At the time of the transaction Males, president of a butter and egg company, was in financial difficulties and was "kiting" checks through defendant Bollt, his accountant, and others. In other words, according to Bollt, Males would give his own check to Bollt in exchange for Bollt's check to him, then obtain cash from plaintiff on Bollt's check, and deposit it in Males' bank in order to make good his own check when it was presented for payment. Males thus obtained use of the money for the two or three days it took the checks to go through the clearing house.

The chief issue at the trial was whether plaintiff Morgenstein knew of this practice. He testified that although he had cashed checks previously for Males (sometimes for a small consideration of $5 or $10) he had never been requested to hold any of the checks, but had deposited them in his bank immediately, if it was open.

Another issue at the trial was whether the amount of the check had been paid to Morgenstein by Males before the latter's death. Morgenstein denied such payment. Bollt sought to establish payment by the introduction of evidence that Males, in a telephone conversation with Morgenstein, when Bollt was listening in, claimed to have paid the check. The trial court admitted testimony of this telephone conversation, as well as the evidence of two police officers who had interviewed Males about the check that he had admitted he had not paid it but had asked for more time in which to make it good. The errors assigned have to do with the instructions of the trial court to the jury and with the admission of the testimony of the police officers.

The trial court instructed the jury in the words of the applicable parts of Code 1940, 28–402, defining a holder in due course, that, in order to recover, plaintiff must have taken the check in good faith and for value and that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it to him. The trial judge then gave them a full and accurate definition of good faith and also quoted Code 1940, 28–206, to the effect that an accommodation maker is liable on an instrument to a holder for value, notwithstanding such holder at the time of taking such instrument knew the maker to be only an accommodation party. Full instructions were also given on the issue of payment.

We have examined the instructions in detail and believe they correctly stated the law of the case and were clear and comprehensive. Defendant objected to the original charge on the ground that the court had given the instruction as to holders in due course early in the charge and had stated the law as to holders for value of accommodation paper later so that the jury might have gotten the impression that it was not necessary for the plaintiff in order to recover to be a holder in due course. However, after the court had completed its instructions counsel for defendant characterized the charge as "excellent," adding that his only additional suggestion was that more emphasis be placed on the requirement that plaintiff in order to recover be a holder in due course. With the concurrence of counsel for defendant, the court reminded the jury that they were to consider all the instructions as a whole and regard each in the light of all of the others. This instruction, obviously we think, fully met the situation. Furthermore, counsel for defendant made no further objection. According to the provisions of Municipal Court rule 47, no party may assign as error the giving or failure to give of an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. This rule is applicable here.[1]

With regard to the admission of the testimony of the police officers, we find no error. Over the objection of plaintiff, defendant was permitted to introduce the evidence of the three-cornered telephone conversation to the effect that Males had stated he had paid to plaintiff the amount of this check. The rebuttal testimony that subsequently Males had admitted to the police officers that he had not paid the check was clearly admissible. While somewhat vague, the chief criticism made by defendant of the admission of the officers' testimony is that the officers acted illegally in calling upon Males, the payee of the check, regarding it. There had been evidence that the police officers were acquainted with plaintiff and with Males. The court instructed the jury that if they concluded that the police officers acted out of friendship rather than in the course of their official duties their testimony was to be given only the weight that would be given to the testimony of any other private citizen. The position of defendant is that the court should have held as a matter of law that the officers acted illegally in calling upon Males. Whether they did or not (a question we do not pass upon) had no bearing on the admissibility of their testimony. We find no error in the instruction and in addition, for the reasons already stated, we believe defendant waived any objection thereto.

In general, defendant relied almost wholly upon evidence that plaintiff had cashed a large number of checks in which Males was the payee. This was circumstantial evidence from which the inference could have been drawn that plaintiff knew that the checks were bad when issued. However, plaintiff, a restaurant owner, testified that he cashed checks for many other people, that he had never been asked to hold any of the checks on which Males was payee, that he had deposited all former checks promptly, and all had been duly honored. He said he had cashed them because Males could not get cash at his own bank on checks drawn by others. Thus was presented a typical jury question of whether plaintiff had cashed this check under such circumstances as made him a holder in due course within the meaning of the Negotiable Instrument Act. This question was fairly presented to the jury under proper instructions and by the jury resolved in plaintiff's favor. We find no error.

Affirmed.

1. See Frasca v. Howell, 87 U.S.App.D.C. 52, 182 F.2d 703; Watwood v. Potomac Chemical Co., D.C.Mun.App., 42 A.2d 728.