**GINSBURG v. BLACK.**

No. 10386.

United States Court of Appeals
Seventh Circuit.

Nov. 28, 1951.

Rehearing Denied Dec. 19, 1951.

Paul Ginsburg, pro se, William A. Roberts, Washington, D. C. (Roberts & McInnis, Warren Woods and Irene Kennedy, all of Washington, D. C., of counsel), for appellant.

James H. Cartwright, Chicago, Ill. (Winston, Strawn, Shaw & Black, Chicago, Ill., of counsel), for appellee.

Before KERNER, FINNEGAN, and SWAIM, Circuit Judges.

KERNER, Circuit Judge.

This appeal is from an order dismissing a complaint charging libel. Plaintiff is an attorney and resident of Pennsylvania, and defendants, also attorneys, are residents of Illinois. The alleged libel appeared in objections filed by defendants in behalf of their clients, Alfred L. Kuehn and United States Creosoting Company, in a proceeding before the Court of Appeals of the State of Kentucky, Robertson v. Hert's Administrators, 312 Ky. 405, 227 S.W.2d 899. That proceeding had been brought to determine whether the stock of American Creosoting Company should be sold for $3,800,000 to United States Creosoting Company.

To the complaint plaintiff attached a copy of the petition filed by him in the Robertson v. Hert's case in which he prayed that he be allowed to appear as amicus curiae. The complaint had also attached to it a copy of the objections filed to his petition for his appointment as amicus curiae. The objections answered the allegations of the petition; they averred that Ginsburg was seeking to profit by overturning the sale of the American Creosoting stock, and concluded: "Under such circumstances, the attempt of this interloper to get himself into a position where he might hope to be bought off should not be assisted by any court."

In his complaint, plaintiff averred that he was the person designated by the defendants as the interloper. He alleged that over a considerable period of time he had followed and carried on the lawful profession of attorney-at-law and by means thereof gained a livelihood, and was esteemed and reputed to be a person of good name and reputation; that the above quoted statement was false, contrary to fact, and was inserted maliciously and wilfully for the purpose of injuring his reputation.

One of the grounds urged by defendants in the District Court in behalf of their motion to dismiss the complaint was: "The statements complained of in plaintiff's complaint appear from said complaint to have been made in a pleading filed in a legal proceeding in the Court of Appeals of the State of Kentucky with reference to plaintiff as a petitioner in said suit seeking appointment as amicus curiae therein, and as such were absolutely privileged and could form no basis for a cause of action on the part of plaintiff." The trial judge agreed and dismissed the complaint.

In this court plaintiff makes the point that the statement was not pertinent or relevant to his petition for his appointment as amicus curiae.

We agree with plaintiff that to be privileged the statement must be pertinent or relevant to the cause at issue. Otherwise a person could be defamed and seriously injured by malicious parties to a law suit. However, the general rule is that defamatory matter appearing in a pleading filed by a party in a judicial proceeding according to law in a court having jurisdiction, is privileged, even if it reflects upon the character of one who is not a party to the suit. The matter, of course, must be "relevant or pertinent to the issues," (Newell, Slander and Libel, 4th Ed. § 382) or it must be "connected with, or relevant or material to, the cause in hand or subject of inquiry;" 53 C.J.S., Libel and Slander, § 104, p. 170, or it must have some reference to the subject of the inquiry. Restatement, Torts, §§ 586 and 587.

The case of Sebree v. Thompson, 126 Ky. 223, 103 S.W. 374, 11 L.R.A.,N.S., 723, involved the statements of a witness in a court proceeding which were alleged to have been false and malicious. In that case the court at page 375 of 103 S.W. said: "There are occasions when for the public good and in the interests of society one is freed from liability that would otherwise be imposed upon him by reason of the publication of defamatory matter, and these occasions are called 'privileged occasions.' * * * Words spoken upon an occasion 'absolutely privileged,' though spoken falsely, knowingly, and with express malice, impose no liability for damages in an action for slander or libel * * *." And in

Schmitt v. Mann, 291 Ky. 80, 163 S.W.2d 281, a witness swore in an affidavit presented to the court on a petition for a new trial that he had sworn falsely at the trial at the request of plaintiff's attorney. Schmitt, the attorney, sued the witness for libel. The court held that the attorney could not recover, and in so holding, at page 283 of 163 S.W.2d, said: "The statements * * * were libelous per se and actionable unless, under the circumstances, they were privileged. The prevailing rule and the one recognized in this jurisdiction is that statements in pleadings filed in judicial proceedings are absolutely privileged when material, pertinent, and relevant to the subject under inquiry, though it is claimed that they are false and alleged with malice."

■ From what we have already said it is clear that Kentucky has adopted the rule of absolute privilege which protects both the lawyer and the client from suits for libel as to statements made in legal proceedings if the statements have some relationship to the matter before the court. That rule prevails in other courts.[1]

■ The question whether defamatory matter contained in a pleading is or is not pertinent or relevant to the cause is never left to the jury, but is a question of law for the court. Young v. Young, 57 App.D.C. 157, 18 F.2d 807, 809; Haskell v. Perkins, 165 Ill.App. 144, 150; Donner v. Francis, 255 Ill.App. 409, 412. The matter need not be relevant in any strict sense, Brown v. Shimabukuro, 73 App.D.C. 194, 118 F.2d 17, 18, since the privilege embraces anything that may possibly be pertinent. Andrews v. Gardiner, 224 N.Y. 440, 121 N.E. 341, 2 A.L.R. 1371. The test is not—Is it legally relevant? But—Does it have reference and relation to the subject matter of the action? Bigelow v. Brumley, 138 Ohio St. 574, 37 N.E.2d 584, 591. And in determining whether or not the matter is pertinent, the courts generally follow a liberal rule in favor of pertinency, and all reasonable doubt is resolved in favor of the pleader, 33

Am.Jur. § 150, p. 146; Lisanby v. Illinois Cent. R. R. Co., 209 Ky. 325, 272 S.W. 753, 755; and Sacks v. Stecker, 2 Cir., 60 F.2d 73.

■■ The granting or refusal of applications for appointment as amicus curiae is always discretionary. This rule was conceded by plaintiff on oral argument, hence plaintiff's petition to the Court of Appeals of Kentucky, a court having jurisdiction over the cause and the parties, was addressed to the uncontrolled discretion of the court. The issue raised by the pleadings, i. e., whether or not plaintiff made application for his appointment as amicus curiae for the purpose of assisting the court or for the purpose of private gain was vitally material. Under these circumstances, bearing in mind the foregoing rules, we are of the opinion that the statement here complained of was pertinent or relevant to the issue raised and hence was privileged.

Plaintiff makes the additional point, citing Maclaskey v. Mecartney, 324 Ill.App. 498, 58 N.E.2d 630, Spanel v. Pegler, 7 Cir., 160 F.2d 619, 171 A.L.R. 699, and Christopher v. American News Co., 7 Cir., 171 F.2d 275, that privilege is an affirmative defense and is not subject to a motion to dismiss.

■ This point requires only a brief discussion. We have already noted that the question whether defamatory matter contained in a pleading is or is not pertinent or relevant to the cause is a question of law for the court. In that situation it will be enough to say that since the statement claimed to be privileged clearly appears from the complaint, the defense may be considered on a motion to dismiss. Anderson v. Linton, 7 Cir., 178 F.2d 304; Albrecht v. Indiana Harbor Belt R. Co., 7 Cir., 178 F.2d 577. See also Foltz v. Moore McCormack Lines, 2 Cir., 189 F.2d 537, 539. There it was argued that privilege was a special defense and that a dismissal on motion before answer was premature. The court in disposing of that contention said: "Even so, there would be no point in re-

1. McDavitt v. Boyer, 169 Ill. 475, 48 N.E. 317; Haskell v. Perkins, 165 Ill.App. 144; Kimball v. Ryan, 283 Ill.App. 456; Parker v. Kirkland, 298 Ill.App. 340; People ex rel. Bensky v. Warden of City Prison, 258 N.Y. 55, 179 N.E. 257; Brown v. Shimabukuro, 73 App.D.C. 194, 118 F.2d 17; and Bleecker v. Drury, 2 Cir., 149 F.2d 770.

versing upon such a technicality when the question of privilege is, as here, sufficiently presented so that it may be decided on its merits." We think what was said there is applicable here.

Affirmed.