### GINSBURG v. FIRST NAT. BANK OF CHICAGO et al.

### No. 10387.

United States Court of Appeals
Seventh Circuit.

Nov. 28, 1951.

Rehearing Denied Dec. 19, 1951.

Paul Ginsburg, Pittsburgh, Pa., William A. Roberts, Washington, D. C., Roberts & McInnis, Warren Woods, and Irene Kennedy, all of Washington, D. C., of counsel, for appellant.

James H. Cartwright, John W. Kearns and Frank L. Paul, all of Chicago, Ill., Winston, Strawn, Shaw & Black, Chicago, Ill., of counsel, for Alfred L. Kuehn.

Amberg, Kearns & Dahlin, Chicago, Ill., for appellee First Nat. Bank.

Before KERNER, FINNEGAN, and SWAIM, Circuit Judges.

KERNER, Circuit Judge.

This is a companion case to No. 10386, Ginsburg v. Black, 7 Cir., 192 F.2d 823 and it, too, is an appeal from an order dismissing a complaint charging libel. Defendant Kuehn is a resident of Illinois, and The First National Bank of Chicago is a banking corporation doing business in the city of Chicago, Illinois. The alleged libel appeared in objections filed by the defendants in the proceedings mentioned in No. 10386. As in that case, plaintiff attached to his complaint a copy of the petition in which he prayed that he be allowed to appear as amicus curiae, as well as a copy of the objections filed by the defendants in this case. The objections averred that Ginsburg was neither a beneficiary under the trust agreement executed by Sallie A. Hert nor a beneficiary under her will; that Ginsburg did not represent any beneficiary under either the trust instrument or the will; that he was not an unsuccessful bidder for the trust assets, and had not shown that he was a party to or counsel in any case involving any of the questions presented by the appeal in the Court of Appeals of the State of Kentucky, and the objections concluded: "6. He is a mere interloper, without standing in this court, presumably looking for an opportunity to collect a fee in a case in which he has no interest whatever, either personally or as an attorney."

Among the grounds urged by defendants in the District Court for a dismissal of the complaint was: "The Complaint alleges and discloses on its face that the language complained of appeared in a pleading filed in court proceedings in the Court of Appeals for the State of Kentucky and as such was absolutely privileged.". Thus it appears that the identical question involved in No. 10386 is before us in this case. It follows that the principles set forth in our opinion therein are applicable here, and for the reasons there stated, the judgment of the District Court must be affirmed. It is so ordered.