## GEIER v. JORDAN.

### No. 1503.

Municipal Court of Appeals for the
District of Columbia.

Argued July 19, 1954.

Decided Aug. 16, 1954.

Charles S. Geier, Washington, D. C., pro se.

George S. Jordan, Washington, D. C., pro se.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

This litigation had its origin in a suit filed by James J. Martin against Geier and his wife, charging that in order to induce him to lease their apartment they had represented that it was spotless and free of bugs and vermin, that the representation was false and the premises so badly infested with vermin as to be unfit for habitation. Martin's claim was for $225, representing return of rent paid and of a security deposit. The trial court made a finding of $50 in favor of Martin against Mr. and Mrs. Geier.

Geier then filed this suit for "slander and libel," against Martin and Jordan, the attor-

ney who filed the former action. Martin was never served with process, and therefore, though his name appeared in the transcript as an appellee he is not a party to this appeal.

After the complaint had been twice amended the trial court dismissed the action on the ground that no cause of action had been stated. Geier brings this appeal.

■ As we have already said, the first claim set out by Geier was for libel and slander. A bill of particulars filed with the first amended complaint alleged that the matter complained of was contained in the complaint filed in the former action. Since relevant statements in pleadings are absolutely privileged in this jurisdiction, this part of the claim was properly held invalid. Brown v. Shimabukuro, 73 App.D.C. 194, 118 F.2d 17; Young v. Young, 57 App.D.C. 157, 18 F.2d 807.

■ The complaint next alleged that "defendants, knowing that there was no legal basis for such suit, caused suit to be brought in this Court * * * against plaintiff and his wife with the purpose of thus, by illegally abusing, and maliciously misusing, this Court's judicial process, unlawfully extorting money from them to which they (the defendants) knew they were not legally entitled." If this be regarded as an allegation of abuse of process, it is clearly insufficient. As we held in Hall v. Field Enterprises, D.C.Mun.App., 94 A.2d 479, 481, "the right to charge an abuse of process arises when there has been a perversion of court processes to accomplish some end which the process was not intended by law to accomplish, or which compels the party against whom it has been used to do some collateral thing which he could not legally and regularly be compelled to do." At best the present complaint alleged only a wrongful purpose. It failed entirely to charge any act on the part of appellee by which the judicial process was

perverted. "A regular and legitimate use of process, though with an ulterior motive or bad intention is not a malicious abuse of process. * * * '[T]o sustain the action two elements are essential, (1) the existence of an ulterior motive, and (2) *an act* in the use of process other than such as would be proper in the regular prosecution of the charge.' "[1] Since this second essential element was not alleged, the complaint failed to state a cause of action for abuse of process.

Moreover, the statement as to ulterior motive was itself defective. The only allegation as to wrongful purpose was a broad and general statement that the purpose of the former action was to unlawfully extort money from Geier. It is clear that the money referred to was the amount for which the former suit was brought. But this is not such a purpose or motive as will support an action of this nature, for it amounts to no more than an allegation that the former suit was based on an unfounded claim.

■ Lastly it is urged that the quoted portion of the complaint stated a cause of action for malicious prosecution. This contention is conclusively answered by the fact that the prior suit did not terminate in favor of Geier. It terminated in a finding and judgment of $50 against Geier. Since a favorable termination of the prior litigation is an essential element of an action for malicious prosecution, no valid claim was presented in that respect. Simpkins v. Brooks, D.C.Mun.App., 49 A.2d 549; Horne v. Ostmann, D.C.Mun.App., 35 A.2d 174.

Despite the judgment against him in the former action, appellant says that suit ended in his favor. He says that the amount for which judgment was entered against him was not contested, that he admittedly owed it and was at all times willing to pay it. But it is clear that the complaint in the

---

1. Brown v. Robertson, 120 Ind.App. 434, 92 N.E.2d 856, 858, quoting 1 Am.Jur., Abuse of Process § 6. (Emphasis supplied.) See also, Ligitsos v. Finerman, 329 Ill.App. 241, 67 N.E.2d 610.

former action included a demand for recovery of this item of damage, and Geier's answer not only did not tender the amount he now says he was willing to pay, but resisted the claim of Martin in its entirety. Consequently, there is no escaping the fact that the judgment was entered on a claim pleaded by plaintiff and denied by defendant in that action: in other words, that the issue was decided adversely to Geier. The fact that Martin was awarded only a part of his total claim is immaterial. The fact remains that the judgment, which is the criterion by which we must determine who was the successful party in the former suit, was adverse to Geier. He therefore has no ground for saying that the prior action terminated in his favor. See Murdock v. Gerth, 65 Cal. App.2d 170, 150 P.2d 489.

We are also asked to hold that the trial judge abused his discretion in refusing to allow appellant to amend his complaint a third time after it had been dismissed. The amendment offered would have inserted the words "who is a practicing attorney of the District of Columbia Bar," in the paragraph of the complaint reciting damages. This amendment, if allowed, could not have affected the decision of the court, and the refusal to allow it was not prejudicial.

Affirmed.