Arthur M. SOWDER, Appellant,

v.

William E. NOLAN, Appellee.

No. 1803.

Municipal Court of Appeals for the District of Columbia.

Argued July 2, 1956.

Decided Aug. 20, 1956.

9. In re Lewis, D.C.Mun.App., 88 A.2d 582.

Albert J. Ahern, Jr., Washington, D. C., with whom James J. Laughlin, Washington, D. C., was on the brief, for appellant.

Mark P. Friedlander, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

This was a libel action in four counts by the appellee, a Private in the Metropolitan Police Department, based on four letters written to his superiors by the appellant. Three of the letters were sent to the Chief of Police and one to a Police Captain who was at that time in charge of appellee's precinct. One letter charged that the appellee was "getting away with dishonesty" and the others that he had told falsehoods in a report rendered by him on his investigation of an automobile accident in which the appellant had been involved. The jury returned a verdict for the appellee for $1,-000.00 compensatory damages. After appellant's motion for a new trial was denied, a judgment was entered on the verdict and this appeal followed.

Appellant makes three assignments of error. First of these is that the letters were privileged absolutely and that therefore the trial court's denial of his motion for a directed verdict was error. The letters purport to be written in response to public statements and newspaper publicity concerning top-level efforts within the Police Department to eliminate certain alleged corrupt influences from its ranks. The letters urged an investigation of the false

statements alleged. Appellant claims that if investigated and found to be true these letters might have become the basis for the preferment of written charges against the appellee before the police trial board. Authorized by our Code 1951, §§ 4–121 and 122, the board's function is to take the proper disciplinary action for dereliction against members of the Metropolitan Police force. As this proceeding would be quasi-judicial in appellant's view, he would have us attach the same absolute privilege to these letters as that accorded pleadings[1] and affidavits[2] relevant to a case in which they are filed according to law.

Appellant's course to the sanctuary of absolute immunity is charted tenuously. The letters could not of themselves initiate a trial board proceeding. The police tribunal could not assume jurisdiction until written charges were "preferred against [the appellee] in the name of the major and superintendent of said police force"[3] or upon "sworn complaints of persons other than members of the Department which may be referred * * * by the Commissioners or the Chief of Police."[4] The letters were not "sworn complaints" and the mere possibility that a quasi-judicial tribunal might conceivably take jurisdiction of their subject matter after some further action thereon by an entirely independent agency over which the author had no control, should not de facto cause an absolute privilege to attach to them.[5] In fact, no such proceeding did or could begin, since charges incorporating these letters were not lodged by the Superintend-

ent of Police and the letters alone had no power to cause the police tribunal to convene. Indeed, the letters themselves do not invoke such action. Under this analysis, the letters could not be deemed to have been filed according to law. Our Code gives access to a Special Police Trial Board proceeding to persons such as appellant,[6] but this avenue was not pursued.

■ The letters in the aspect most favorable to him could be viewed as communications relating to alleged misconduct of a police officer to his superiors. As an informant, acting out of what he believed to be his social duty, appellant would be entitled to the defense of qualified privilege.[7] The trial court very adequately instructed the jury on qualified privilege and on this basis the jury found for appellee.

Appellee urges that no privilege whatever attached to these letters; in view of the fact that the verdict was in favor of the appellee and that the charge was as favorable to the appellant as it possibly could be, it is not necessary for us to consider this contention.

■ A second assignment of error claims the trial judge committed reversible error in failing to submit each count separately to the jury as a distinct cause of action. Although there was no spelling out by the court that the jury could return a verdict for either the appellant or the appellee as to each count, there is no contention that the instructions given were not applicable to each of the four counts or

1. Young v. Young, 57 App.D.C. 157, 18 F. 2d 807.

2. Brown v. Shimabukuro, 73 App.D.C. 194, 118 F.2d 17.

3. D.C.Code, § 4–121.

4. D.C.Code 1951, Supp. IV, Title 1.—Administration, Appendix. Reorganization Order No. 48.—Police Trial and Review Boards, Part II.

5. 53 C.J.S., Libel and Slander, § 104c (2); 33 Am.Jur., Libel and Slander, § 147; Newell, Slander and Libel (4th ed.), § 382.

6. D.C.Code 1951, Supp. IV, Title 1.—Administration, Appendix. Reorganization Order No. 48.—Police Trial and Review Boards, Part V, subd. b.

7. Newell, Slander and Libel (4th ed.), §§ 421, 422; Annotation 140 A.L.R. 1466, 1467.

that each count was not based on the same material averments and answered with the same defenses.[8] Our examination of the entire charge indicates that in its comprehensive discussion of the legal principles involved, the court consistently directed the minds of the jury to all the letters. The jury also had the four letters before them during their deliberations. Because of a lack of extreme clarity we cannot assume the charge misled a jury of ordinary intelligence[9] or characterize its effect on the jury as prejudicial to the appellant.[10] We note also that at the completion of the charge the court said: "Gentlemen, I think that covers everything in my notes. Do you have anything further?" To which counsel for the appellant replied: "No, your Honor." Counsel for the appellee suggested a clarification. The court said: "That is right. Anything further?" To which appellant's answer was: "Nothing further, your Honor." Since appellant's objection was not noted in the trial court before the jury retired to consider its vedict as required by Municipal Court Rule 51 it should not, under instant circumstances, be the subject of our review.[11]

■ Finally, appellant finds fault with the trial court's instructions on the issue of damages. Paraphrasing one excerpt from this part of the charge, his claim is that the jury was told that though there were no out-of-pocket expenses the jury could still find actual damages to reimburse the appellee. This extract, quoted out of context, may be misleading. However, reading the entire charge as to damages, it is clear that the court was speaking of general damages as distinguished from special damages, mentioning specifically the loss of reputation and resultant mental anguish.

■ It is not disputed that the letters were defamatory per se and therefore actionable without alleging special damages and it is well established that general damages will be presumed where the jury finds such matters not privileged[12] or at least need not be proved if "the jury * * * themselves find damages before awarding them."[13] This was the essence of the trial court's instruction, excepting the presumption as to general damages, which was not given. Certainly this was not prejudicial to appellant. Of course, here again as before, appellant has waived his right to assign an instruction as error, having failed to comply with Rule 51 by making his objection at the close of the charge.

Affirmed.

8. 88 C.J.S., Trial, § 381 b.

9. Chicago & N. W. R. Co. v. Whitton, 13 Wall. 270, 80 U.S. 270, 20 L.Ed. 571.

10. Collins v. United States, D.C.Mun.App., 41 A.2d 515.

11. Villaroman v. United States, 87 U.S. App.D.C. 240, 184 F.2d 261, 21 A.L.R.2d 1074; Webster v. Perper, D.C.Mun.App., 83 A.2d 433; Bowles v. Marsh, D.C.Mun. App., 82 A.2d 135; Bollt v. Morgenstein, D.C.Mun.App., 81 A.2d 656, and cases cited.

12. 53 C.J.S., Libel and Slander, § 262.

13. Washington Times Co. v. Bonner, 66 App.D.C. 280, 86 F.2d 836, 844, 110 A.L.R. 393.