**Margaret C. WILLIAMS, Plaintiff,**

v.

**Reverend Smallwood E. WILLIAMS, Defendant.**

**Civ. A. 1750-58.**

United States District Court
District of Columbia.

Nov. 4, 1958.

Robert T. S. Colby, Washington, D. C., for plaintiff.

David E. Sloan, Julius W. Robertson, Washington, D. C., for defendant.

———◆———

TAMM, District Judge.

This is a suit for unlawful disclosure of privileged communication and defamation. The basis of this action arises from an affidavit executed by the defendant which, the plaintiff charges, contains untrue and defamatory matter known to be false to the defendant, and also that the

contents of the affidavit were gained by the defendant by reason of a confidential relationship, that is, clergyman-penitent, and therefore was privileged matter.

The defendant has filed a motion to dismiss the action on the grounds that there is no statute in this jurisdiction that provides for the cause of action which the plaintiff believes to exist, that no such action existed at common law, and that since the affidavit was filed in a judicial proceeding, it is absolutely privileged, if material and relevant to that proceeding.

The affidavit itself which is the basis of this suit was filed in a judicial proceeding in the Municipal Court for the District of Columbia (Civil Division) in which Quincy Lowe, a deposed minister, was the plaintiff and Gospel Ark Temple Church of Our Lord Jesus Christ of the Apostolic Faith, a corporation, was one of the defendants—the other defendants being the trustees of that church.

 It is apparent to this Court that the affidavit in question was both material and relevant to the suit in Municipal Court. That suit was in the nature of an injunctive action against the church and its trustees, and the affidavit sets forth reasons why Quincy Lowe, the plaintiff in that suit, was ousted, or resigned, from the church. Therefore, as this affidavit was material and relevant, it is absolutely privileged.

The law on this point was aptly stated by Justice Edgerton in the case of Brown v. Shimabukuro, 73 App.D.C. 194, 118 F. 2d 17, 18, wherein he wrote as follows:

"In this jurisdiction, among others, statements in pleadings and *affidavits* are absolutely privileged if they have enough appearance of connection with the case in which they are filed so that a reasonable man might think them relevant. They need not be relevant in any strict sense." (Emphasis supplied)

The foregoing case restated the principle of law for this jurisdiction as previously stated in the case of Young v. Young, 57 App.D.C. 157, 18 F.2d 807, 809:

"The general rule is that defamatory matter appearing in a pleading filed according to law in a court having jurisdiction, if relevant and pertinent to the issue in the case, is privileged, *even if it reflects upon the character of one who is not a party to the suit.* * * * This conclusion does not violate the rulings of the Supreme Court in White v. Nicholls, 3 How. 266, 11 L.Ed. 591 * * *" (Emphasis supplied).

This principle was also followed in the case of Geier v. Jordan, D.C.Mun.App. 1954, 107 A.2d 440, 441, wherein there is the following:

"As we have already said, the first claim set out by Geier was for libel and slander. A bill of particulars filed with the first amended complaint alleged that the matter complained of was contained in the complaint filed in the former action. Since relevant statements in pleadings are *absolutely privileged* in this jurisdiction, this part of the claim was properly held invalid." (Emphasis supplied)

This rule of law is followed generally in other jurisdictions, as is seen in the case of Vieira v. Meredith, 84 R.I. 299, 123 A.2d 743, 744:

"We have examined the authorities and it is our opinion that in the public interest we should adopt the pertinent rule which prevails generally in this country, namely, that libelous matter in pleadings filed in judicial proceedings are absolutely privileged where the statements are material, pertinent or relevant to the issues therein; that it is immaterial that the allegations are false and malicious, Matthis v. Kennedy, 243 Minn. 219, 67 N.W.2d 413; and that this principle applies even if the libelous statements refer to a person who is not a party to the suit, Young v. Young, 57 App.D.C. 597, 18 F.2d 807. However, the al-

leged libelous matter must be found to be relevant to the proceeding in which it is uttered and the question whether such defamatory matter is relevant or material is a question of law to be decided only by the court. Ginsburg v. Black, 7 Cir., 192 F.2d 823; 134 A.L.R. 483, 485. See also 53 C.J.S. Libel and Slander § 104."

This Court must, therefore, conclude as a matter of law that it has been shown to the satisfaction of this Court that the affidavit herein was relevant to the judicial proceeding in which it was filed, and as such, it is absolutely privileged and cannot serve as the basis for an action in defamation.

■ This leads to a second point, namely, does a cause of action exist in this jurisdiction for disclosure of privileged material as this plaintiff alleges it does? Without deciding this particular question, this Court must point out that as a condition precedent to such action (if it does exist) there must be a showing that the matter disclosed or divulged is privileged. There is no such showing present in this case. It is clear from the pleadings and depositions filed herein that the relationship upon which the plaintiff relies, namely, clergyman-penitent, did not in fact exist at the time the defendant herein was the recipient of the information contained in the affidavit. Some of the information which the defendant herein obtained was furnished by the plaintiff in a telephone conversation with the defendant in which she complained of Quincy Lowe's fleeing when members of the church called police, and the balance of the matter came to the defendant's knowledge when a hearing was held pursuant to Rule 16 of the By-Laws and Constitution of the Church. There is nothing to show that these disclosures by the plaintiff to the defendant were intended to be, or were, regarded as privileged communications between penitent and clergyman.

Accordingly, the motion of the defendant to dismiss is hereby granted.

Counsel will submit appropriate order.