Richard Lee **MOHLER**, Appellant,

v.

Malcolm W. **HOUSTON**, Appellee.

No. 9876.

District of Columbia Court of Appeals.

Submitted March 24, 1976.

Decided April 20, 1976.

D. Carroll McGean, Upper Marlboro, Md., for appellant.

4. *A Proposal for Limiting the Duty of the Trial Judge to Instruct the Jury Sua Sponte, supra* at 352.

Reid C. Tait, James C. Gregg and Hugh Lynch, Jr., Washington, D. C., were on the brief for appellee.

Before GALLAGHER, YEAGLEY and MACK, Associate Judges.

PER CURIAM:

This appeal from the entry of summary judgment in favor of the defendant in a suit for defamation was submitted for decision upon the briefs of the parties and the record. Appellee is the attorney for appellant's former wife, and the alleged libel was contained in a brief filed by appellee on behalf of the wife on appeal to this court in a prior domestic relations action, *Mohler v. Mohler*, D.C.App., 302 A.2d 737 (1973). The trial court granted defendant's summary judgment motion after finding, upon review of the record of the proceeding in which the offending brief was filed, that the alleged libel was made in the course of a judicial proceeding and was relevant thereto. We affirm.

 An attorney in this jurisdiction is protected by an absolute privilege to publish false and defamatory matter of another during the course and as a part of a judicial proceeding in which he or she participates as counsel, as long as it has some relation to the proceeding. The communication need not be relevant in the legal sense; the term is very liberally construed.

[S]tatements in pleadings and affidavits are absolutely privileged if they have enough appearance of connection with the case in which they are filed so that a reasonable man might think them relevant. They need not be relevant in any strict sense. [*Brown v. Shimabukuro,* 73 App.D.C. 194, 195, 118 F.2d 17, 18 (1941).]

*See also Geier v. Jordan,* D.C.Mun.App., 107 A.2d 440 (1954); *United States v. Hurt,* (D.C.Cir., No. 72–2229, March 8, 1976, slip op. at 9–10); *Young v. Young,* 57 App.D.C. 157, 18 F.2d 807 (1927); *Williams v. Williams,* 169 F.Supp. 860 (D.D.C.1958); Restatement of Torts § 586 (1938). The question of relevance is a question of law for the court to determine. *Young v. Young, supra,* 57 App.D.C. at 158, 18 F.2d at 808.

The allegedly defamatory portion of the appellate brief consists of an almost verbatim repetition of statements contained in a pleading filed by the wife in the trial court at an earlier state of the same judicial proceeding. The husband had filed a motion seeking to modify the financial and custody terms of a decree entered by the Domestic Relations Branch of the District of Columbia Court of General Sessions;[1] the wife's alleged misconduct was one of the asserted grounds for the motion. In response, first in the Opposition to the Motion to Modify and then in the brief urging affirmance filed by appellee for the wife, the assertions in question were made regarding the appellant's conduct as husband and father.[2]

 There can be no question that these assertions were relevant to the question of child custody in particular, and the conflicting claims of husband and wife in general. The trial court therefore committed no error in finding as a matter of law that the material in the brief was relevant to the judicial proceeding in which it was

---

1. The Court of General Sessions is now the Superior Court of the District of Columbia. D.C.Code 1973, § 11–901.

2. The alleged libel consisted of statements to the effect that the husband had deserted and abandoned his wife and children in favor of another woman at a time when his wife was pregnant with their fifth child; that the husband had carried on an affair prior to his actual desertion; that his conduct was bizarre and frightening; that appellant had shown little interest in the children since the parties' separation; and that the custody provisions of the agreement were drawn with a view to protecting the wife and children from appellant's irrational behavior and threats.

filed and, as such, was absolutely privileged.

The judgment of the trial court is

*Affirmed.*