**GLOBAL VAN LINES, INC., Appellant,**

v.

**Charles KLEINOW, Appellee.**

**No. 14092.**

District of Columbia Court of Appeals.

Argued Jan. 8, 1980.

Decided Feb. 21, 1980.

William A. Grant, Washington, D. C., for appellant.

W. Bruce Shirk, Washington, D. C., for appellee. Michael P. Arra, New York City, also entered an appearance for appellee.

Before KERN, MACK and PRYOR, Associate Judges.

PER CURIAM:

Appellant seeks reversal of an order by the Small Claims and Conciliation Branch ,of the Civil Division of the Superior Court granting judgment for appellee in a defamation action. The trial court found that appellant had defamed appellee by causing a writ of attachment to be sent by the court to appellee's employer, following an improperly entered default judgment. Because we find that no action for defamation can lie in the circumstances of this case, we reverse.

The following facts are pertinent to this appeal: In 1974 appellee hired Global Van Lines (Global) to move his possessions from Wisconsin to Arlington, Virginia, with payment to be made by appellee's then employer, Career Academy, Inc. However, Career Academy, Inc., went bankrupt before Global collected payment of the moving expenses, so Global then sought payment from appellee. In 1977, finding other means unsuccessful, Global sued appellee for the unpaid expenses.

In initiating its suit against appellee, Global requested, and was granted, an order by the trial court appointing twelve named individuals (in the alternative) to act as special process servers. All of these individuals were in the employ of Court Filing Service, Inc., which selected and paid one of the twelve—a Mr. Webb—to serve the process on appellee. A few days after his selection as the special process server, Webb filed an affidavit stating that he had in fact made personal service on appellee at the office of his new employer, Lewis Hotel Motel School, Inc., in the District of Columbia. When appellee failed to respond by timely pleadings, the trial court in April 1977 entered a default judgment against him. Soon thereafter the court served a writ of attachment on Lewis Hotel Motel School as appellee's employer.

In June 1977 appellee complained that he had never received notice, by service of process or otherwise, of Global's claim. Global promptly applied to the trial court to vacate the default judgment and to release the writ of attachment. The trial court did so and reinstated the action. In February 1978 appellee filed a counterclaim, asserting that Global had defamed him by having the court serve on his employer the writ of attachment, which was the result of an invalid judgment because appellee had received no notice of Global's claim.

At trial in May 1978, the trial court entered an order which (1) granted judgment for Global on its contract action against appellee for unpaid moving expenses and (2) granted judgment for appellee on his counterclaim for defamation against Global. In support of the latter ruling, the court

reasoned that since the writ of attachment was defamatory, and since the special process server Webb was Global's agent, Global must be held liable for the consequences of the service of the writ of attachment on appellee's employer. The court therefore awarded appellee $6,666.66 for damages to compensate for appellee's delay in receiving an expected salary increase assertedly as a result of the service of the writ of attachment on his employer. The court also awarded appellee $350.00 for attorney's fees.[1]

To affirm the trial court in this case would require us to find basis in the relevant facts and law for deciding that (1) Global published (2) a defamatory statement which was (3) not true and (4) not privileged. This we cannot do.

■ The entity which "published" the writ of attachment to appellee's employer was the court, not Global. We know of no case which has expanded the number of parties responsible for defamatory statements so far as to hold a litigant liable for documents issued by a court.[2] Therefore, the trial court erred in finding Global liable for a defamatory statement which it did not "publish."

■ Having determined that the allegedly defamatory writ of attachment was not published by Global, we need not decide whether the trial court was correct in finding that the writ was in fact defamatory.[3] We do note, however, that both of the two relevant defenses to the present libel action—truth[4] and privilege—should have barred it from the outset. The writ of attachment is a printed form and merely states the fact that a judgment has been entered by the court against appellee on a certain date in a specific amount. The truth of those facts is in no way controverted by a later showing that the default judgment undergirding the writ was improper because appellee had not been served with process. Moreover, since any statement made by parties in the course of judicial proceedings is absolutely privileged,[5] it obviously follows that a "statement" made by a court—here, the writ of attachment form—is likewise absolutely privileged. Thus, even aside from our determination that Global did not "publish" the statement about which appellee complained, it is clear that the defenses of truth and privilege should have barred his defamation claim.[6]

*Reversed.*

1. Because we reverse the trial court's order on other grounds, we need not consider whether attorney's fees were properly awarded in this case.

2. Although some cases have declared that everyone who takes part in the publication *of a newspaper* is charged with "publication" for these purposes, *see* W. Prosser, Law of Torts, 768–69 (4th ed. 1971), those newspaper cases seem easily distinguishable from the present one. Here, Global's participation in the "publication" of the writ of attachment consisted only of litigation of its claim to judgment which was duly reported in the court's printed-form writ of attachment.

3. At least one court has held defamatory a person's false statement that a judgment was outstanding against another person. *Altoona Clay Products, Inc. v. Dun & Bradstreet, Inc.,* 367 F.2d 625, 629 (3rd Cir. 1966).

4. Truth is a complete defense to a libel action. *Ford Motor Credit Company v. Holland,* D.C. App., 367 A.2d 1311, 1313 n. 1 (1977); *Olinger*

*v. American Savings and Loan Ass'n,* 133 U.S. App.D.C. 107, 109, 409 F.2d 142, 144 (1969).

5. *Mohler v. Houston,* D.C.App., 356 A.2d 646, 647 (1976); *Brown v. Collins,* 131 U.S.App.D.C. 68, 71–72 and n. 4, 402 F.2d 209, 212 and n. 4 (1968).

6. In urging affirmance, appellee argues that since Global chose the Court Filing Service, Inc., Global should be held liable for damages flowing from Webb's alleged failure to serve process on appellee. We reject this argument. Global acted within a system sanctioned by Super.Ct.Sm.Cl. R. 4(a), which authorizes three modes of serving process: by the marshal, mail service by the clerk, and by a court-appointed special process server. Webb was such an appointee, so we would be hesitant to hold that, despite its compliance with the court rule, Global nevertheless must answer for Webb's alleged misconduct.