Claudie T. **FAISON** and George W. Gardner,
Appellants,

v.

A. P. **WOODSON COMPANY** and
Chester Datcher, Appellees.

No. 3500.

District of Columbia Court of Appeals.

Argued June 15, 1964.

Decided July 31, 1964.

---

Harvey Rosenberg, Washington, D. C., for appellants.

William T. Clague, Washington, D. C., for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This was a suit by appellant for injuries sustained when their ambulance, on an emergency run, collided with a truck operated by appellee Datcher and owned by appellee Woodson. On appeal the principal contentions are that the evidence failed to support an instruction on contributory negligence and that an instruction on both contributory negligence and unavoidable accident was inconsistent.

The statement of proceedings and evidence signed by the trial judge and approved by counsel recites in part:

"At the conclusion of all the evidence counsel for plaintiffs submitted no written instructions and counsel for defendants submitted some ten or twelve. The propriety of these defense instructions was discussed outside the presence of the jury, objections to most or all of them being registered by counsel for plaintiffs. The Court made tentative rulings on all, denying some and stating that some would be given in substance, thereupon asking counsel to register whatever complaints might exist at the conclusion of the charge. To this counsel acceded. The charge covered general instruction on negligence, proximate cause, contributory negligence and the meaning of the term 'unavoidable accident' in its legal sense. At the conclusion of the charge the court asked if either counsel desired to register objection to it and both counsel expressed themselves as satisfied. Whereupon the case was given to the jury which returned the verdict reflected on the record."

Civil Rule 51 of the Court of General Sessions provides:

"At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

We hold that the failure to object to the instructions before the jury retired constituted a waiver of any alleged error. The rule is especially applicable in view of counsel's expressed satisfaction with the charge. Bradley v. D. C. Transit System, Inc., D.C.Mun.App., 183 A.2d 551, 552 (1962); Sowder v. Nolan, D.C.Mun.App., 125 A.2d 52, 55 (1956); Webster v. Perper, D.C.Mun.App., 83 A.2d 433, 435–36 (1951). Furthermore, we are satisfied that in view of the circumstances of this case there was no inconsistency in the charge as given.

Affirmed.