CHARLES BECKER, PROSECUTOR, v. BOARD OF COMMISSIONERS OF THE CITY OF NEWARK ET AL., DEFENDANTS.

Decided October 16, 1933.

For the prosecutor, *Charles Becker, pro se.*

For the defendants, *Jules E. Tepper.*

Argued before Justice PARKER, in July, 1933, and later submitted on briefs.

PARKER J. This is an application by the prosecutor, claiming to be a citizen and taxpayer of Newark, for a writ of *certiorari* to review six resolutions passed by the board of commissioners of the city subsequent to the adoption of the annual budget, and which resolutions, according to the claim of prosecutor, are illegal as bearing upon the budget in an unauthorized manner.

The first resolution relate to the salaries of the respective commissioners and undertakes to fix them as follows: mayor, $8,250; director of revenue and finance, $7,500; director of public works, $7,500; director of public safety, $7,500; director of parks and public property, $7,500.

The next resolution purports to appoint a secretary to the director of the department of public works at a salary of $4,500, and a deputy director of public works at a salary of $5,000.

The next resolution purports to appoint a secretary to the department of revenue and finance at a salary of $4,500, and a deputy director of that department at a salary of $5,000.

The next resolution purports to appoint a deputy director of public affairs at a salary of $5,000, and a secretary to the director of that department at a salary of $4,500.

The next resolution purports to appoint a deputy director of parks and public property at a salary of $5,000, and a secretary to the director of that department at a salary of $4,500.

The last resolution is one purporting to authorize the creation in the department of public works of a division of research, stating the general objects of such division and providing for the appointment of an administrative examiner at a salary of $4,500, which amount shall be the whole amount devoted to that division.

The point of the application I understand to be this, viz., that although the budget appropriations to the respective departments are not exceeded by these changes, nevertheless, according to the claim of prosecutor, the amounts allowed to the departments and their respective subdivisions in the budget were based upon certain work sheets which went into considerable detail respecting the number of clerks and employes in each department and the salaries or other compensation allotted to each, and that the allotments to the departments and to their respective subdivisions were based essentially on these work sheets, so that any departure from the schedules in the work sheets would be illegal and should be set aside. In particular, it was charged at the argument that the several directors were receiving an increase of salary by the scaling down of salaries of employes or the elimination of some of these employes or subordinates, and I assume that the salaries of the several secretaries and deputy directors mentioned in the resolution above set forth are to be handled

in a similar manner. I think it was conceded by the prosecutor that no total appropriated for a department would be exceeded under the resolutions, but the gravamen of the attack was directed to the shifting of money from some items on the work sheets to other items, some appearing thereon and others not.

Something is· said in the briefs with regard to the items of the budget as advertised in the public prints. I have not been furnished with a copy of that advertisement, and the best that I can do is to take the photostat copies which purport to be sheets of the budget as they are attached to the brief of the prosecutor.

The last sheet, consisting of a recapitulation, gives the total amounts appropriated for the following objects: Public works, revenue and finance, public safety, public affairs, parks and public property (the five statutory departments), non-departmental, debt service, assessment deficiency, surplus and deficiency, pension funds, miscellaneous and surplus revenue. There is a sheet for each one of these objects except the last.

The sheet for the department of public works includes the general items of director's office, employment bureau, bureau of health, Newark City Hospital, Newark city home bureau of baths, Newark city alms house, rental of beds, public outings, band concerts, celebration of holidays, Ivy Hill power plant, Convalescent Hospital, dental clinic, and outdoor poor.

The sheets for the other departments do not include as many items. Each sheet has a gross amount assigned to the director's office, which in the case of public works is about $30,000; revenue and finance about $21,000; public safety about $21,000; public affairs about $25,000, and parks and public property about $27,000. An examination of one work sheet will be sufficient to illustrate the point made by the prosecutor, which is the department of public works.

This work sheet shows estimated salaries of director, deputy director, secretary, executive clerk, four other clerks, special investigator, and an item of $2,200 for general operating expenses. The salary of the director is stated as $6,150, and the complaint of the prosecutor with respect to this item, as a

sample item, is that the resolution attacked calls for $8,250, or an advance of some $2,100. It seems to be now admitted that the $8,250 is subject to a deduction of twenty per cent., so that the net salary for the director would be $6,600, but this is $450 more than the amount specified in the working sheet. Hence, argues the prosecutor, it should be set aside.

Similar reasoning is applied to substantially all the other items comprised in the attack.

It seems to be admitted also, as I think was previously stated, that any increase in one item on the work sheet is made up by decreases or elimination of other items.

I am unable to agree that there is any substantial basis for the present application. The language of the Budget act is that in regard to appropriations the budget is to "state the several purposes and the amount to be appropriated for each purpose for which the anticipated revenues are to be expended for local purposes other than schools." Then again it says in section 11 (*Pamph. L.* 1917, *p.* 553) : "Under the heading of 'appropriations' in the budget, as provided in section 6 of this act, there shall be set forth the appropriations, itemized according to the respective objects, departments or subdepartments for which they are to be expended, with the amount to be devoted to said object, department or subdepartment. The several items of appropriations shall be set forth accurately according to the particular object, department or subdepartment for which the respective amounts are to be expended."

I agree with counsel for the city that this statutory requirement is fairly met by a specification in the budget that such and such an amount is assigned, for example, to the office of the director of public affairs, as the expenses of that office. This would properly include the salary of the director, of his deputy, his secretary and any other clerical help and incidental expenses. I do not think that it should be held necessary to go into further detail. In other words, I agree that the informal work sheets which have been produced before me are no more than the informal memoranda used as a basis for the ascertainment of the amounts necessary to be specified in the budget items. This is the crux of the whole case.

It is important, of course, that the taxpayers should be apprised in reasonably specific terms of the amounts proposed to be spent for the conduct of municipal affairs; but it is not necessary and, indeed, it would be impossible practically to state all the subordinate items in such meticulous detail as to deprive the several departments of all elasticity in current management.

I do not remember whether any rule to show cause was made in this matter. If no rule was made, the application for a *certiorari* is denied. If a rule to show cause was made, counsel for the city may present a rule discharging the same, with costs in either case.