M. James Vieira *vs.* Leroy F. Meredith.
M. James Vieira *vs.* Cary W. Magruder.
M. James Vieira *vs.* John B. Foley, Jr.

JUNE 28, 1956.

Present: Flynn, C. J., Condon, Andrews and Paolino, JJ.

·Paolino, J. These are actions of trespass on the case for libel. They are here on the plaintiff's exception to the decision of the trial justice in each case sustaining the defendant's demurrer to the declaration wherein it was alleged that the defendant had, in the pleadings of a case in which the plaintiff was not a party, uttered certain false, malicious and libelous statements concerning him.

Although there are three cases the questions involved in each are identical, hence they will be considered together. When the cases were commenced ·the defendants were members of the Jamestown Bridge Commission, and we shall herein refer to them as the defendant or the commission. Prior to these actions the plaintiff here had been an employee of the commission.

The plaintiff alleges that defendant maliciously caused to be composed and published a declaration in a law action entitled Jamestown Bridge Commission v. American Employers' Insurance Company, Law No. 129466, filed in the clerk's office in the superior court for the counties of Providence and Bristol. Said action was brought by the commission against the insurance company to recover a loss which the commission claimed it had suffered, during the policy period, by the fraudulent or dishonest acts of plaintiff in obtaining certain sums of money from the commission while he was an employee thereof.

In the· instant cases the defendant demurred on the

ground that the declaration sets forth that the alleged libelous statements were contained in a declaration filed in a case pending in the superior court; that said alleged libelous statements were applicable, pertinent and relevant to said action; and that they are therefore absolutely privileged statements. The trial justice sustained the demurrers on the ground that the alleged libelous publication was a matter of absolute privilege and therefore not actionable.

The plaintiff contends that, inasmuch as he was not a party to the other action at law as described in the instant declaration, the defendant has at most only a qualified or conditional privilege; that such privilege is destroyed by the existence of actual malice; and that since the defendant's demurrer admits the allegation that these statements were false and made maliciously, the declaration sets forth a good cause of action.

We have examined the authorities and it is our opinion that in the public interest we should adopt the pertinent rule which prevails generally in this country, namely, that libelous matter in pleadings filed in judicial proceedings are absolutely privileged where the statements are material, pertinent or relevant to the issues therein; that it is immaterial that the allegations are false and malicious, *Matthis* v. *Kennedy*, 243 Minn. 219; and that this principle applies even if the libelous statements refer to a person who is not a party to the suit, *Young* v. *Young*, 18 F.2d 807. However, the alleged libelous matter must be found to be relevant to the proceeding in which it is uttered and the question whether such defamatory matter is relevant or material is a question of law to be decided only by the court. *Ginsburg* v. *Black*, 192 F.2d 823. 134 A.L.R. 483, 485. See also 53 C.J.S., Libel and Slander, §104.

It is reasonable to infer from the pleadings and the decision in the instant case that the trial justice found the alleged libelous statements to be material and relevant to the issues in the case in which they were uttered and therefore

ruled that they were privileged. From our examination of the authorities above cited we are of the opinion that he was justified in so ruling.

In this connection we have considered the *dicta* in *White v. Nicholls,* 3 *Howard* 266, and also the cases of *Torrey v. Field,* 10 Vt. 353, and *Ruohs v. Backer,* 53 Tenn. 395, cited in plaintiff's brief. However, in our judgment the view we have adopted is in accord with the weight of authority and will better serve the public interest. We are of the opinion that the decision of the trial justice sustaining the demurrer was not erroneous.

The plaintiff's exception in each case is overruled, and each case is remitted to the superior court for entry of judgment on the demurrer.

*Charles A. Curran, Anthony J. Bucci,* for plaintiff.

*Letts & Quinn,* for defendants.