93 N.J. Super. 225 (1966)
225 A.2d 590
JAMES G. GENITO, PLAINTIFF-APPELLANT,
v.
MORTON S. RABINOWITZ, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 28, 1966.
Decided December 28, 1966.
*226 Before Judges GAULKIN, LEWIS and LABRECQUE.
Mr. St. Elmo Ferrara argued the cause for plaintiff.
Mr. Milton M. Breitman argued the cause for defendant.
*227 The opinion of the court was delivered by GAULKIN, S.J.A.D.
Plaintiff Genito filed a complaint containing four counts. At the pretrial, the trial court on its own motion struck out the last three counts, making the judgment appealable pursuant to R.R. 4:55-2. Plaintiff appeals. We affirm.
The first count was for malicious prosecution. It alleged that defendant made a complaint under oath in a municipal court charging plaintiff with threatening to kill defendant; a warrant was issued for the arrest of plaintiff; plaintiff was arrested; after a hearing in the municipal court, the charge was dismissed; the charge was false and made without probable cause and from motives of malice.
The second count repeated the allegations of the first and added that defendant "did imprison the Plaintiff and cause him to be taken against his will before the Municipal Court * * *." The third count added nothing material to the first two. The fourth count charged that the allegations of the municipal court complaint libeled plaintiff. Defendant denied all four counts.
At the pretrial conference, plaintiff presented a pretrial memorandum which did not assert that he was arrested  only that a warrant had been issued. Defendant says that at the pretrial plaintiff's counsel admitted orally that plaintiff was not arrested but, being informed of the warrant, appeared without its being served. Defendant says a stenographic record was made of the statements of counsel at the pretrial conference and plaintiff should have ordered a transcript and made it part of his appendix. If there was a stenographic record, that should have been done.
The order striking the counts recited that the trial judge considered "affidavits," but there are no such affidavits in the appendix. However, counsel agree that the affidavits had no bearing on the issues before us.
In his brief, plaintiff says "police officers called upon plaintiff-appellant, demanding his apprehension and appearance in the municipal court for trial forthwith," but there is nothing *228 in the record to support that statement or even to show that plaintiff's counsel made that assertion at the pretrial. In a supplemental letter to us, counsel states plaintiff's position somewhat differently, saying: "Having been told by the police officer that a warrant was issued and held for his arrest and that he should not leave the area and he had to attend Court, he knew that his liberty was restrained and the means of coercion was at hand in the police department to enforce it no matter where he was, although he appeared without being physically and forcibly transported."
If it were important, we would require plaintiff to supply proof of precisely what did happen by which he claims he was "arrested" or "his liberty was restrained." However, we think that even if he were actually or constructively arrested, it would make no difference in our disposition of this appeal.
R.R. 4:29-1(b)(8) provides:
"* * * No legal issue should be ruled upon at the pretrial conference as to which there is any doubt or reasonably arguable question. If a ruling is sought on any such legal issue, the matter should be set forth with directions that formal motion be made thereon at a later time, before the pretrial judge, if possible." (Emphasis added)
We hold that it was not "reasonably arguable" that any of the three counts which were stricken stated a cause of action, and therefore they were properly dismissed.
The malicious filing of a false complaint which causes the issuance of a warrant upon which one is arrested does not give rise to a cause of action for false imprisonment. The action must be one for malicious prosecution. In Prosser on Torts (3d ed. 1964), at page 62 it is said:
"* * * If the defendant complies with the formal requirements of the law, as by swearing out a valid warrant, so that the arrest of the plaintiff is legally authorized, the court and its officers are not his agents to make the arrest, and their acts are those of the law and the state, and not to be imputed to him. He is therefore liable, if at all, only for a misuse of legal process to effect a valid arrest for an improper purpose. The action must be for malicious prosecution, upon proof of malice and want of probable cause, as well as termination of the proceeding in favor of the plaintiff."
*229 And on page 853 Prosser says:
"* * * the difference is one of the regularity of the legal process under which the plaintiff's interests have been invaded. If he is arrested or confined without a warrant, or legal authority apart from a warrant, malicious prosecution will not lie, since the essence of that tort is the perversion of proper legal procedure, and the remedy is false imprisonment. On the other hand, if there is valid process or due authority apart from it, the arrest is not `false,' and the action must be one of malicious prosecution."
See also Earl v. Winne, 14 N.J. 119, 128 (1953); Restatement, 2d Torts § 45 A Comment (b); Restatement, Torts, 2d § 37 Comment (b).
We think these authorities correctly state the law. The first count of the complaint preserves to plaintiff all that to which he is entitled. If defendant is liable, his liability for arrest (if there was an arrest) may be enforced by appropriate compensation as part of the damages recovered in the malicious prosecution action.
For the foregoing reasons, the second and third counts were properly stricken.
The libel claim in the fourth count is based upon the allegations of the complaint which defiendant filed in municipal court. Such allegations are absolutely privileged and afford no basis for an action for libel. Thourot v. Hartnett, 56 N.J. Super. 306 (App. Div. 1959); Restatement, Torts, § 587; Gogue v. MacDonald, 35 Cal.2d 482, 218 P.2d 542, 21 A.L.R.2d 639 (Sup. Ct. 1950); Bulkley v. Klein, 206 Cal. App.2d 742, 23 Cal. Rptr. 855 (D. Ct. App. 1962); Annotation, 21 A.L.R.2d 643, 647 (1952). Therefore, the fourth count was properly stricken.
The judgment is affirmed, with costs.