131 N.J. Super. 590 (1974)
331 A.2d 42
LOUIS KOTLIKOFF, PLAINTIFF,
v.
TOWNSHIP OF PENNSAUKEN; MANRICO D'ANASTASIO AS MAYOR; RICHARD KNOPF AS TOWNSHIP ADMINISTRATOR; AND STELLA CIMINO AS TOWNSHIP TREASURER, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided December 12, 1974.
*592 Mr. John T. Kelley for plaintiff (Messrs. Quinlan & Dunne, attorneys).
Mr. Thomas S. Higgins for defendants (Messrs. Higgins, Trimble & Master, attorneys).
GRUCCIO, J.S.C.
This matter came on for hearing before the court. At that time the parties agreed that the matter be decided on the basis of the factual allegations included in the pleadings and briefs.
*593 On October 7, 1974 the Courier Post, a Southern New Jersey newspaper, published a special supplement to its regular daily edition. The theme of this supplement was industry and economic development in the greater Camden County area. Appearing in this special supplement was an advertisement elucidating the advantages and programs that defendant Township of Pennsauken (hereinafter township) provided for industry and industrial related personnel. The name of the mayor of the township, Manrico D'Anastasio, also a defendant herein, appeared in the advertisement naming him as the innovator of one of the aforementioned programs.
Plaintiff, a taxpayer and candidate for public office in the township, brought this action in lieu of prerogative writs seeking to enjoin the township, its mayor and several other township officials (all named defendants) from using funds from the township treasury in order to pay for the advertisement.
Plaintiff bases his complaint on two grounds, (1) that an expenditure for such an advertisement would not come within the purview of any appropriation included within the township's budget and therefore if the township were to expend any monies for such a purpose it would act in violation of N.J.S.A. 40A:4-57, and (2) that the advertisement constituted a "political advertisement," in violation of N.J.S.A. 19:1-1 et seq., since the advertisement was published approximately one month before the township elections in which the mayor, whose name did appear in the advertisement, was a candidate for reelection.
Defendants admit that the advertisement was published but contend that no violation of law was involved. By way of counterclaim all defendants seek costs, claiming that plaintiff acted in bad faith by instituting this action. Defendant D'Anastasio further counterclaims for damages on the basis of libel.
The major issue in this case and the most difficult one to decide in light of the scarcity of decisions on this point *594 is whether defendants have violated any provision of the New Jersey Local Budget Law, N.J.S.A. 40A:4-1 et seq., specifically N.J.S.A. 40A:4-57, which provides in part:
No officer, board, body or commission shall, during any fiscal year, expend any money (except to pay notes, bonds or interest thereon) incur any liability, or enter into any contract which by its terms involves the expenditure of money for any purpose for which no appropriation is provided, or in excess of the amount appropriated for such purpose.
It is plaintiff's contention that there is no specific appropriation in the township's budget which would allow for the expenditure of monies for the advertisement.
The township's budget consists of several general categorized appropriations or line items, each of which is further delineated into many specific items. The cost of the advertising was to be charged to "stationery, printing and supplies," which was a specific item included within the general category "Administrative and Executive-Other Expenses." Defendants recognize that there is a legitimate question as to whether the expenditure actually does relate to the specific category to which it was charged, but contend and are not contested that the expense is one which could have properly been included within the general account.
Plaintiff argues that since the township did attempt to itemize specific expenditures within a general category, it is bound by those specifics and may not now charge the expenditure to the general account.
The issue to be decided then, is whether a local governing unit has violated N.J.S.A. 40A:4-57 when it expends monies for a purpose which can be charged to a general although not specific appropriation within its budget. Our decisional law has dealt with transfers and over-expenditures but not with the issue before the court under the present statute.
The Local Budget Law is intended to control municipal expenditures by line item in order to insure that anticipated revenues equal anticipated expenditures. State v. *595 Boncelet, 107 N.J. Super. 444 (App. Div. 1969). The purposes of local budgetary requirements are to inculcate sound business principles and practices into municipal economic administration, with particular reference to the avoidance of waste, extravagance and ill-considered expenditures, as well as to give the members of the taxpaying public a better understanding of the financial affairs of the municipality. 56 Am. Jur.2d, Municipal Corporations, § 581 at 633; Murphy v. West New York, 132 N.J.L. 595 (Sup. Ct. 1945).
The local governing body is vested with the authority by virtue of N.J.S.A. 40A:4-22 to promulgate regulations concerning the form, classifications and detail of itemization that the local budget may take.
The obvious problem which arises in this area is that neither N.J.S.A. 40A:4-22 nor N.J.S.A. 40A:4-57 provides any hint as to the degree of particularization necessary in formulating the required line items. While it is clear that the legislative restrictions imposed by N.J.S.A. 40A:4-57 would be of doubtful effectiveness were their application limited to the total budget amount, as distinguished from line item appropriations, State v. Boncelet, supra 107 N.J. Super. at 450, it is not clear as to how specific the line items must be.
The issue is reduced to the balancing of policies. The intelligent fulfillment of the objectives of the statutes requires that budget itemization be sufficiently specific in order to disclose with reasonable clarity the purposes for which public funds are to be expended. However, such specificity should not be to such a degree as would destroy the needed flexibility in the course of municipal financial operations.
In construing the aforementioned statutes it must be assumed that the Legislature acted consonant with reason and sound discretion. Restaurant Enterprises v. Sussex Mut. Ins. Co., 52 N.J. 73 (1968), and the statutes are to be read sensibly rather than literally, Schierstead v. Brigantine, *596 29 N.J. 220 (1959); In re Summit v. Elizabeth Trust Co., 111 N.J. Super. 154 (App. Div. 1970).
It would clearly be unreasonable to expect local governing bodies to anticipate, and so provide for by specific line items, every possible expense that they might incur. In fact, it has been held, under a predecessor of our Local Budget Law, that a local budget which includes only appropriations covering broad areas would be valid. Becker v. Newark Board of Comm'rs, 11 N.J. Misc. 902 (Sup. Ct. 1933). Indeed, a comparison between the earlier and present budget laws discloses that the latter is even more permissive in allowing general appropriations than the statute so interpreted by the court in Becker.
Although taxpayers should be apprised in reasonably specific terms of amounts to be spent for certain purposes, it is not necessary, and indeed it would be impossible for all practical purposes, to state all the subordinate items in such meticulous detail as to deprive local governments of the elasticity in management that generalization would allow. 15 McQuillin, Municipal Corporations (1970 rev. vol), § 39.40 at 125-126, citing Becker v. Newark Board of Comm'rs, supra 11 N.J. Misc. at 906.
In light of this I find that the budget does provide an appropriation to which the expenditure for the advertisement may be charged, viz, the general appropriation designated "Administrative and Executive-Other Expenses".
As discussed earlier, the format and degree of particularization of local budgets are specifically to be determined by the local governing body. It is not within the province of the judiciary to interfere with this process. However, when a local budget is composed of only general appropriations the governing body so adopting that budget is inviting litigation to determine whether a given expenditure does indeed rationally relate to a given appropriation. Although particularization is not required by the statute beyond that discussed supra, prudent local government administration *597 demands it, even if only for internal accounting or other administrative activities.
To hold otherwise would, in effect, be to penalize those prudent local governments which attempt to be as specific as possible in preparing their budgets, in that it would subject them to a greater potential for N.J.S.A. 40A:4-57 violations than those local governments which merely include general appropriations in their budgets.
Plaintiff also alleged that defendant D'Anastasio, in causing the advertisement to be published, violated some provision of the New Jersey Election Law, N.J.S.A. 19:1-1 et seq. However no indication was made, nor evidence produced, which would identify the nature of the violation or the specific section of the statute violated. Plaintiff has simply failed to meet his burden of proof on this count. Defendants' motion for dismissal of the complaint on this count is granted.
Defendant D'Anastasio's claim against plaintiff on the basis of libel cannot be sustained. In New Jersey a person who falsely and without privilege to do so publishes a statement imputing to another conduct constituting a criminal offense is liable, without proof of special damages, if the offense charged is the type which, if committed, would be chargeable by indictment. Sokolay v. Edlin, 65 N.J. Super. 112 (App. Div. 1961). Plaintiff, through his complaint, did publish a statement imputing criminal actions chargeable by indictment on the part of defendant D'Anastasio. However, since the statement was made in the course of a judicial proceeding and related to the subject matter of that proceeding, plaintiff was absolutely privileged to make the statement and thus has a complete defense in the action. J.D. Const. Corp. v. Isaacs, 51 N.J. 263 (1968); Rainer's Dairies v. Raritan Valley Farms, 19 N.J. 552 (1955); Genito v. Rabinowitz, 93 N.J. Super. 225 (App. Div. 1966). Plaintiff's motion to dismiss the counterclaim on this count is granted.
All defendants in this action seek to recover costs from plaintiff, claiming that in filing the complaint he *598 acted in bad faith. Under N.J.S.A. 2A:15-59 the trial court is granted broad discretionary authority to award costs to any party. Normally, when a plaintiff files suit and unjustifiably charges a defendant with illegal activity only for the purpose to harass or to embarrass defendant, a situation arises which would warrant the trial court's granting costs to defendant in order to indemnify him against the expense of vindicating a right invaded by plaintiff. Abalene Exterminating Co. v. Oser, 125 N.J. Eq. 329 (Ch. 1939). However, due to the novelty of the budgeting issue, I cannot find that plaintiff in filing this action acted in such an unjustifiable manner as to warrant charging him with defendants' costs.
Since I find no violations of any statute on the part of defendants, judgment is granted dismissing the complaint.