166 N.J. Super. 254 (1978)
399 A.2d 982
MOUNT LAUREL TOWNSHIP, APPELLANT,
v.
LOCAL FINANCE BOARD OF THE DEPARTMENT OF COMMUNITY AFFAIRS, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 30, 1978.
Decided June 15, 1978.
*255 Before Judges MICHELS, PRESSLER and BILDER.
Mr. John W. Trimble argued the cause for the appellant (Messrs. Trimble & Master, attorneys).
Mr. Benjamin D. Lambert, Deputy Attorney General, argued the cause for the respondent (Mr. John J. Degnan, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Paul N. Watter, Deputy Attorney General, on the brief).
PER CURIAM.
Mount Laurel Township (Township) appeals from a determination of the Local Finance Board (Board) disapproving an emergency ordinance appropriating $108,000 for the payment of expenses incurred by the Township in connection with the nine-week trial of South Burlington NAACP, etc. v. Mt. Laurel Township, Docket No. L-25791-70 P.W. which commenced in May 1977 and concluded in July 1977. The basis of the Board's decision was its conclusion that the emergency ordinance was in contravention of the Local Budget Law, N.J.S.A. 40A:4-1 et seq., and more particularly N.J.S.A. 40A:4-46 and N.J.S.A. 40A:4-57.
The Township in its 1977 budget appropriated $36,000 to the line item for legal expenses, the same sum as had been appropriated in previous years. It claimed to have done so on the expectation that the NAACP trial, which it anticipated would take place in 1977, would take less than a week to complete. The basis for this expectation was its experience with the first NAACP trial which ultimately resulted in the remand order pursuant to which the matter was being retried. See So. Burl. Cty. N.A.A.C.P. v. Tp. of Mt. Laurel, *256 67 N.J. 151 (1975), cert. den. 423 U.S. 808, 96 S.Ct. 18, 46 L.Ed.2d 28 (1975). Had the second trial lasted no longer than the first, it contends, the budget appropriation would have been adequate. It further ascribes as a primary reason for the length of the trial and the magnitude of its defense expenses the fact that in January or February 1977, the court permitted an intervenor to enter the case, resulting in the injection of new and complex issues requiring additional weeks of trial and imposing upon it the necessity for retaining additional experts as well as outside counsel. Although the total trial expense exceeded the budget by over $100,000 no attempt was made to appropriate funds for the payment thereof until some weeks following the conclusion of the trial, when the emergency ordinance here in question was passed.
As to the incurring of expenses for which no appropriation has been made, N.J.S.A. 40A:4-57 provides that:
No officer, board, body or commission shall, during any fiscal year, expend any money (except to pay notes, bonds or interest thereon), incur any liability, or enter into any contract which by its terms involves the expenditure of money for any purpose for which no appropriation is provided, or, in excess of the amount appropriated for such purpose. Any contract made in violation hereof shall be null and void, and no monies shall be paid thereon ...[1]
Appropriations can be made not only in the annual budget itself but pursuant to the emergency appropriation authority of N.J.S.A. 40A:4-46, which provides that
A local unit may make emergency appropriations, after the adoption of a budget, for a purpose which is not foreseen at the time of the adoption thereof, or for which adequate provision was not made therein. Such an appropriation shall be made to meet a pressing need for public expenditure to protect or promote the public health, safety, morals or welfare or to provide temporary housing or public assistance prior to the next succeeding fiscal year. *257 Thus even if the trial expenses were not anticipated when the budget was adopted,[2] the necessary funds could have been appropriated by the emergency appropriation technique before the point at which the additional expenses were incurred and before outside counsel and additional experts were retained. Surely, as the Board concluded, there must necessarily have been a point in time well prior to trial when the municipality was or should have been aware that it was about to exceed the legal expense line item.
The Board argues and we agree that the purpose of the Local Budget Law is to require such fiscal control as will prevent irresponsible, ill-considered or undisclosed public expenditures and as well prohibit deficit financing by municipalities. See, e.g., Manning Engineering, Inc. v. Hudson Cty. Park Comm'n, 71 N.J. 145, 155 (1976), judgment vacated 74 N.J. 114 (1977); Kotlikoff v. Tp. of Pennsauken, 131 N.J. Super. 590, 594 (Law Div. 1974). And see Essex Cty. Bd. of Taxation v. Newark, 139 N.J. Super. 264, 274 (App. Div. 1976), mod. 73 N.J. 69 (1977); In re: Salaries Prob. Off. Bergen County, 58 N.J. 422, 427 (1971); State v. Boncelet, 107 N.J. Super. 444, 448-451 (App. Div. 1969). The Board's supervisory obligation is to require compliance with the law in order that these objectives be achieved. It disapproved the ordinance because it was adopted after the unappropriated liability had been contracted for and actually incurred, a time sequence in violation of the cited statutory provisions. It acted quite properly in so doing.
Affirmed.
NOTES
[1] And see also, as to the procedure for adoption of an emergency appropriation, N.J.S.A. 40A:4-45.3c as amended by L. 1977, c. 10.
[2] Since the budget need not be adopted until March 20 (N.J.S.A. 40A:4-10), it is arguable that some increased expenses attributable to the intervention could have been anticipated in the budget itself.