COUNTY OF MORRIS, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, APPELLANT, AND COUNTY OF BERGEN, COUNTY OF ESSEX, COUNTY OF GLOUCESTER, COUNTY OF HUDSON, COUNTY OF MONMOUTH, COUNTY OF OCEAN, COUNTY OF SALEM, COUNTY OF SOMERSET AND COUNTY OF SUSSEX, INTERVENORS-APPELLANTS, v. BARRY SKOKOWSKI, DIRECTOR OF THE DIVISION OF LOCAL GOVERNMENT SERVICES, DEPARTMENT OF COMMUNITY AFFAIRS OF THE STATE OF NEW JERSEY, BRENDAN BYRNE, AS GOVERNOR OF THE STATE OF NEW JERSEY, AND CLIFFORD GOLDMAN, TREASURER OF THE STATE OF NEW JERSEY, RESPONDENTS.

Argued May 4, 1981—Decided June 17, 1981.

420

*Herbert M. Strulowitz,* Assistant County Counsel, argued the cause for appellant (*Armand L. D'Agostino,* County Counsel, attorney).

*Daniel P. Reynolds,* Deputy Attorney General, argued the cause for respondents (*James R. Zazzali,* Attorney General of New Jersey, attorney; *Erminie L. Conley,* Assistant Attorney General, of counsel).

*Marc C. Gettis,* Assistant County Counsel, submitted a letter brief on behalf of intervenor-appellant County of Essex (*David H. Ben-Asher,* County Counsel, attorney).

*Ronald A. Esptein,* County Counsel, submitted a brief on behalf of intervenor-appellant County of Salem.

*Michael V. Camerino,* Deputy County Counsel, submitted a brief on behalf of intervenor-appellant County of Somerset (*William E. Ozzard,* County Counsel, attorney).

Intervenors-appellants County of Bergen (*Stephen R. Spector,* County Counsel, attorney), County of Gloucester (*Russell E. Paul,* County Counsel, attorney), County of Hudson (*Francis P. Morley,* County Counsel, attorney), County of Monmouth (*Richard T. O'Connor,* County Counsel, attorney), County of Ocean (*Franklin H. Berry, Jr.,* County Counsel, attorney), and County of Sussex (*Donald L. Kovach,* County Counsel, attorney) relied upon the brief and argument of the appellant County of Morris.

The opinion of the Court was delivered by

SULLIVAN, J.

This is an appeal, on direct certification granted, from the decision of the State's Director of the Division of Local Government Services (Director) refusing to approve the proposed 1981 budget of Morris County. Under the Local Budget Law, *N.J. S.A.* 40A:4–1 *et seq.,* which is applicable to all counties and municipalities of the State, no budget may be adopted by a local governing body unless the Director shall have previously certified his approval thereof. *N.J.S.A.* 40A:4–10.

On January 14, 1981, the Board of Chosen Freeholders of Morris County introduced its 1981 budget and transmitted copies of it to the Director as required by *N.J.S.A.* 40A:4–5. Pursuant to his responsibilities to review proposed budgets, *N.J.S.A.* 40A:4–76 to 81, the Director examined the Morris County budget and determined that certain amounts included under "Miscellaneous Revenues" could not reasonably be expected to be realized and should not be anticipated as revenues. These amounts consisted of tax revenues to be collected by the State under the Financial Business Tax Law, *N.J.S.A.* 54:10B–1 *et seq.,* and the Corporation Business Tax Law (Banking corpora-

tions), *N.J.S.A.* 54:10A–33 *et seq.*, which revenues Morris County had expected would be apportioned among the State and the several counties in accordance with statutory provisions for distribution. *N.J.S.A.* 54:10B–24 and *N.J.S.A.* 54:10A–33.[1] Based on his determination that the amounts could not reasonably be expected to be realized, the Director refused to approve the proposed Morris County budget.[2]

The County appealed to the Local Finance Board of the Division of Local Government, *N.J.S.A.* 52:27BB–10(4), which conducted a hearing, taking testimony regarding the propriety of including these anticipated revenues in the budget and considering the basis for the Director's determination. Following the hearing on February 24, 1981, the decision of the Director was affirmed.

The basic issue involves the construction of the Local Budget Law insofar as it allows a governing body to include in its budget "such amounts as may reasonably be expected to be realized in cash during the fiscal year from known and regular sources, or from sources reasonably capable of anticipation." *N.J.S.A.* 40A:4–25. Also involved is the scope of the Director's review under *N.J.S.A.* 40A:4–77 which requires that he determine "upon the basis of information and data available whether: a. all estimates of revenue are reasonable, accurate and correctly stated."

The Local Budget Law regulates the budget-making process for all counties and municipalities in the State. It establishes the procedure to be followed in adopting local budgets, *N.J.S.A.* 40A:4–4 to 10, as well as the form and content thereof, *N.J.S.A.* 40A:4–21 to 45. All budgets must be prepared on a cash basis

---

[1] Each law contains a formula for apportioning the tax revenues among the State and the several counties.

[2] By memorandum dated February 11, 1981 all counties were notified by the Director that the revenues in question could not be anticipated in county budgets.

unless otherwise permitted by law. *N.J.S.A.* 40A:4–3. This insures that local governments will pay for the expenses they incur with cash actually collected or received during the fiscal year. The purpose of the Law is to require local governments to follow sound business principles in their budgetary practices. Its aim is to insure that anticipated revenues equal expenditures, *State v. Boncelet,* 107 *N.J.Super.* 444, 450–451 (App.Div. 1969), and to prohibit deficit financing. *Mount Laurel Township v. Local Finance Board,* 166 *N.J.Super.* 254, 257 (App.Div.1978), aff'd, 79 *N.J.* 397 (1979).

The real dispute is over the evaluation of certain undisputed facts. While the Financial Business Tax Law and the Corporation Business Tax Law contain provisions for the distribution among the counties of part of the taxes collected by the State under these laws, the provisions are not self-executing and do not constitute legislative appropriations in and of themselves. Unless the Legislature each year includes in its general appropriation law a provision for such distribution, the full amount of taxes collected remains with the State to be used for general state purposes. See *City of Camden v. Byrne,* 82 *N.J.* 133, 145–146 (1980).

The record shows that in 1980 the Legislature included in its general appropriation law a provision for the allocation to the counties of a portion of such taxes in accordance with the statutory provisions for distribution, and that the several counties received the amounts allocated to them. It is also undisputed that in preparing its 1981 budget Morris County, in anticipating revenues from these sources, used approximately the same amounts as had been received in 1980.

At the hearing before the Local Finance Board, the Director stated that he had refused to approve the 1981 Morris County budget in order to avoid a deficit therein. He said that he "had been advised by the State Treasurer, with the concurrence of the Governor," that there would be no payments made in 1981 to the counties from the Financial Business Tax and

Corporation Business Tax.[3]  He concluded, therefore, that he could not reasonably expect such monies would be realized by the counties in 1981.  The Director acknowledged that the Legislature recently had passed a concurrent resolution favoring the continued distribution of these tax monies to the counties but pointed out that the Joint Appropriations Committee had yet to take action on this matter.  He also noted the Governor's power to line item veto these appropriations if the Legislature should include them in the State budget.  In view of the uncertainty as to the availability of these monies, the Director determined that they should not be included in the 1981 budget.  He expressed the concern that, if these items were included and the funds not made available thereafter, the county would suffer a shortfall resulting in substantial harm to its fiscal integrity.  We agree with the action taken by the Director and, therefore, affirm.

The Director's decision carries with it a presumption of reasonableness and validity.  One challenging it bears the burden of demonstrating that the decision was arbitrary, unreasonable and capricious.  *New Jersey Guild of Hearing Aid Dispensers v. Long*, 75 *N.J.* 544, 561 (1978).  Moreover, in reviewing the administrative decision, the standard of judicial review is whether there is sufficient support in the record for the decision.  *Close v. Kordulak Bros.*, 44 *N.J.* 589, 598–599 (1965).  Also, recognition must be given to the expertise of the Director and the Board in local government budgetary affairs.  *Cf. City of Atlantic City v. Laezza*, 80 *N.J.* 255, 265 (1979).

Concededly, some question may exist as to whether the Governor's recommendation concerning the non-distribution of these tax revenues will prevail in view of the concurrent resolution passed by the Legislature.  This does not mean, however, that

---

[3]The Governor's Budget Message to the Legislature for the fiscal year 1981–1982 has recommended that the sums apportioned to the several counties under these two tax laws "not be distributed [but rather] be anticipated as revenue for general State purposes."

these tax monies were "reasonably capable of anticipation" by the counties at the time. On the contrary, the Director's conclusion that, as of February of this year, these monies could not reasonably be expected to be realized was the more sensible fiscal determination—one fitting within his expertise.[4]

At the hearing before the Local Finance Board, the Morris County Treasurer admitted that, if the budget had been approved as submitted and the Legislature eventually chose not to distribute these business tax revenues to the counties in 1981, Morris County would incur a budgetary shortfall for the fiscal year. Such a budget deficit could conceivably affect the County's fiscal integrity. When consideration is given to the fact that eleven other counties included, in their proposed 1981 budgets, anticipated revenues from the subject business taxes and such combined anticipated revenues of the twelve counties exceed $4,900,000, the potential adverse consequences are substantially magnified. Moreover, the counties will suffer no comparable harm if the Director's decision is permitted to stand. Should these items ultimately be included in the State budget and the general appropriations law for distribution among the several counties, the revenues received can then be added into the budget pursuant to *N.J.S.A.* 40A:4–87, which provides:

> The director may approve the insertion of any special item of revenue in the budget of any local unit when such item shall have been made available by law and the amount thereof shall not have been determined at the time of the adoption of the budget, and may approve the insertion of an appropriation item of equal amount for the purpose of carrying out the purposes of the law making such item of revenue available for expenditure.

At oral argument, counsel for Morris County stated that, by the time the final State budget is adopted, the County may have adjusted its tax rates upward to reflect its inability to anticipate

---

[4]After this opinion was prepared, the Joint Appropriations Committee released its recommendations for the State budget, fiscal year 1981–82. We are advised that the Committee has followed the Governor's recommendation and has *not* included a provision for the distribution of these business tax revenues to the counties in its budget proposals.

the subject tax revenues as miscellaneous revenues in 1981. He argued that if the Legislature carries out its expressed intent to distribute the tax revenues to the counties, the increased taxes will have been unnecessary. Accepting counsel's assertions as fact, the County can simply use the funds to avoid emergency appropriations or carry the revenues forward as surplus into the next budget year.

Accordingly, we affirm the ruling of the Local Finance Board upholding the decision of the Director.

Affirmed.

*For affirmance* —Chief Justice WILENTZ and Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER, HANDLER and POLLOCK—7.

*For reversal* —None.