Richard L. **KISSELL**

v.

Frederick T. **DUNN, III, Individually and in his capacity as Sales and Marketing Manager of The Columbia Printing Company, Inc. and Columbia Printing Company.**

Civ. A. No. 91–0119 P.

United States District Court,
D. Rhode Island.

June 19, 1992.

---

Richard D. Prentiss, Providence, R.I., for plaintiff.

Donald J. Maroney, James H. Reilly III, Providence, R.I., for defendants Dunn & Columbia Printing.

## MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

The following is before me on appeal from the Magistrate Judge ("Magistrate"):

(1) the Magistrate's denial of the plaintiff's motion to amend his complaint seeking recovery for defamation by adding additional counts of malicious prosecution, abuse of process, and false imprisonment;

(2) the recommendation that the defendants' motion for summary judgment be entered against the plaintiff on the defamation counts.

Following oral argument, it was virtually conceded that the motion to amend should be granted and it was so ordered. I reserved ruling on the summary judgment recommendation pending submission of further memoranda. The same having been received, I now find the defendants' motion for summary judgment on the defamation counts must be denied.

Two issues are to be resolved:

(a) Applying the forum's choice of law principles, *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), *Quaker State Oil Corporation v. Garrity Oil Co.,* 884 F.2d 1510 (1st Cir.1989), does Rhode Island or Connecticut law govern?

(b) Is a party to a private litigation absolutely privileged to publish defamatory material concerning another in a communication preliminary to a judicial proceeding which has some relation to said proceedings?

### I.

■ The parties do not take issue with the Magistrate's findings of fact as detailed in his recommendation. Since I find that Connecticut and Rhode Island law are consonant, I need not analyze said facts to resolve the choice of law principles. For the purposes of this ruling, I need only say that the plaintiff, an officer of a Rhode Island business corporation, and the defendant, a company located and doing business in Hamden, Connecticut, were engaged in business dealings wherein the plaintiff issued checks to the defendant; defendant's frustrated efforts to collect prompted him to execute an affidavit, submitted to the police, which premised the issuance of an arrest warrant and the arrest of the plaintiff. Arguendo, I will assume the affidavit was defamatory.

The Magistrate applied Connecticut law. He ruled:

Connecticut law provides an absolute privilege to the allegations contained in

[the affidavit]. Whether the contents of the affidavit was defamatory or not, whether filed in good faith or bad, there is no cause of action under Connecticut law.

The Magistrate further found:

Connecticut law recognizes that "[t]he publication of defamatory words may be under an absolute, or under a qualified or conditional privilege. Under the forum, there is no liability, although the defamatory words are falsely and maliciously published." *Hassett v. Carroll*, 86 [85] Conn. 23, 81 A. 10, 13 [1013] (1911). Absolute immunity applies to statements which are incidental to a "judicial proceedings." *Magnan v. Anaconda Industries, Inc.*, 37 Conn.Supp. 38, 419 [429] A.2d 492 (1980).[1]

Here, I respectfully disagree with the Magistrate. I feel he applies the principle too broadly; the statement may be incidental, but, as I see it, there must also be an ongoing judicial or quasi-judicial proceeding for absolute immunity to attach. This ingredient, lacking in the present case, is necessary under both Connecticut and Rhode Island law.

## II.

### *Connecticut Law*

The most recent Connecticut case on this subject is *Petyan v. Ellis*, 200 Conn. 243, 510 A.2d 1337 (Conn.1986). The Connecticut Supreme Court in *Petyan* held that an employer who allegedly makes a defamatory statement concerning his/her employee's termination on a "fact-finding supplement form" connected with that employee's unemployment compensation proceeding is entitled to absolute immunity. As the Court noted, "[t]here is a 'long-standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged so long as they are in some way pertinent to the subject of the controversy.'" *Id.* at 1338, *citing Circus Circus Hotels, Inc. v. Witherspoon*, 99 Nev. 56, 657 P.2d 101 (1983). In addition,

[t]he common law absolute privilege is not confined to the testimony of a witness but extends to any statement made in the course of a judicial proceeding, whether or not given under oath, so long as it is pertinent to the controversy. Thus it applies to statements made in pleadings or other documents prepared in connection with a court proceeding.

*Petyan*, 510 A.2d at 1341 (citations omitted).

Applying these general principles to the facts in *Petyan*, the Court reasoned:

In the instant case the defendant's statement concerning her reasons for discharging the plaintiff from her employ was requested by the employment security division in lieu of her live testimony. The statement was obviously pertinent to the purposes of the hearing and was a communication elicited in connection with *and made during an administrative proceeding* which was quasi-judicial in nature. It was analogous to a pleading or testimony in a judicial proceeding. (emphasis added).

*Id.* at 1341. Thus, the defendant in *Petyan* was entitled to absolute immunity.

*Petyan*'s applicability to the instant case is most clearly found in the Court's statement that "[i]t is true that only qualified immunity exists in some areas that have a connection to the judicial process ... [such as] a complaining witness who initiates a

---

1. The Magistrate further noted:

The state of Rhode Island applies the same standard to "judicial proceedings" but defines what constitutes "judicial proceedings" more narrowly than Connecticut. See, *Vieira v. Meredith*, 84 RI 299, 123 A.2d 743 (1956). In recent decisions from other jurisdictions, the courts concerned have consistently adopted the Restatement's liberal view of the broad scope of "judicial proceedings" immunity. See *e.g., Pawloski [Pawlowski] v. Smorto*, 403 Pa.Super. 71, 588 A.2d 36 (1991) (complaint to police accusing individual of perjury); *Genito v. Rabinowitz*, 93 N.J.Super. 225, 225 A.2d 590 (1966) (complaint filed under oath with municipal court alleging death threat); *McGranahan v. Dahar*, 119 N.H. 758, 408 A.2d 121 (1979) (statements made to police, city solicitor and city prosecutor); and *Miner v. Novotny*, 304 Md. 164, 498 A.2d 269 (1985) (citizens brutality complaint against police officer).

prosecution and procures the issuance of an arrest warrant...." *Id.*[2] This is precisely the situation of the defendant in the case at bar. Clearly, under *Petyan*, the defendant is not entitled to absolute immunity for allegedly defamatory statements made on an arrest affidavit, since there was no ongoing judicial or quasi-judicial proceedings at the time such statements were made.

Both the defendant and the Magistrate rely on *Magnan v. Anaconda Industries, Inc.*, 37 Conn.Sup. 38, 429 A.2d 492 (1980) to support their view that, under Connecticut law, absolute immunity does attach to statements contained in an arrest affidavit. In *Magnan*, the Superior Court of Connecticut held that an employer's allegedly defamatory statements made on unemployment notices submitted to the state labor department were absolutely privileged. The Court quoted with approval Restatement (Second) of Torts § 588 comment e, which states:

> As to communications preliminary to a proposed judicial proceeding, the rule stated in this Section applies only when the communication has some relation to a proceeding that is actually contemplated in good faith and under serious consideration by the witness or a possible party to the proceeding.

The defendant and the Magistrate also cite the Restatement (Second) of Torts § 587 in support of their position. That section, entitled "Parties to Judicial Proceedings," states:

> A party to a private litigation or a private prosecutor or defendant in a criminal prosecution is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as part of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding.

Juxtaposing plaintiff's cited authority against defendant's cited authority, it seems clear that plaintiff's view is correct. *Petyan* is a much more recently decided case than *Magnan* (*Petyan* in 1986; *Magnan* in 1980). Moreover, *Petyan* was decided by Connecticut's highest court, while *Magnan* represents solely the view of a lower court. Finally, the Restatement is simply not as persuasive as a recent state supreme court opinion which speaks directly to the point at issue in this case.

I conclude from all of this that *Petyan* is applicable to this case; accordingly, under Connecticut law, allegedly defamatory statements found in arrest affidavits are not absolutely privileged.

### III.

#### Rhode Island Law

Turning to the question of whether Rhode Island's law in this area is consistent with that of Connecticut, I look first to *Vieira v. Meredith*, 84 R.I. 299, 123 A.2d 743 (1956). *Vieira* involved allegedly defamatory statements contained in a declaration filed in an ongoing judicial proceeding. The Court held that "libelous matter in pleadings filed in judicial proceedings are absolutely privileged where the statements are material, pertinent or relevant to the issues thereon...." *Id.* 123 A.2d at 744. This holding is indeed consistent with the view taken by Connecticut courts.

My opinion in *Froess v. Bulman*, 610 F.Supp. 332 (D.R.I.1984), *aff'd*, 767 F.2d 905 (1st Cir.1985), cites *Vieira* as "prevailing precedent" for Rhode Island's definition of absolute immunity. *See id.* at 338. From this, I conclude that *Vieira* remains "good law" in Rhode Island, and that Rhode Island's general absolute immunity doctrine is consonant with Connecticut's. I feel this is so even though I can find no Rhode Island case dealing expressly with the issue of immunity for defamatory statements contained in arrest affidavits.

---

**2.** As the Court explained, such situations call for only qualified immunity because:

> the factfinding process of a tribunal [is not] directly affected. There has been no abrogation, unless by statute, of the common law

> protection of absolute privilege for communications or testimony elicited in connection with and pertinent to an *ongoing judicial* or quasi-judicial proceeding.
> *Id.* (emphasis added).

Several Rhode Island cases do, however, support by analogy my holding that statements made to a police agency in support of a request for an arrest warrant are entitled only to a qualified privilege. *See e.g., Ponticelli v. Mine Safety Appliance Co.,* 104 R.I. 549, 247 A.2d 303, 305 (1968):

[Q]ualified privilege ... permits a person to escape liability for a false and defamatory statement made about another if the occasion for the publication is such that the publisher acting in good faith correctly or reasonably believes that he has a legal, moral or social duty to speak out, or that to speak out is necessary to protect ... his own interests....

*See also Powers v. Carvalho,* 117 R.I. 519, 368 A.2d 1242, 1249 (1977) (*citing Ponticelli,* 247 A.2d at 303):

[E]ven in those instances where the charge is slanderous per se, the accuser may have a qualified privilege to speak out if he reasonably believes that he has a legal or moral duty to do so to protect his own interests. Certainly, a victim of crime should be afforded a similar privilege....

In sum, I find that the supreme courts of both Connecticut and Rhode Island have afforded only a qualified defamation privilege to statements made to a law enforcement agency in support of a request for issuance of an arrest warrant. Accordingly, defendants' motion for summary judgment is denied.

SO ORDERED.