PAWTUCKET CREDIT UNION

v.

Lawrence D. LaSCOLA.

No. 96-104-Appeal.

Supreme Court of Rhode Island.

April 29, 1997.

Richard Boren, Providence, John Gannon, Pawtucket.

Constance Pannone, Smithfield.

## ORDER

The plaintiff, Pawtucket Credit Union (PCU), discharged the mortgage of the defendant, Lawrence D. LaScola (LaScola), after receiving a certified money order for his mortgage-loan balance from one Patrick E. Rudd (Rudd). In a letter accompanying the money order, Rudd claimed to have power of attorney for LaScola. The PCU attempted to process the money order for payment, but it was returned unpaid. The PCU then filed suit against LaScola to reinstate the mortgage, essentially alleging that LaScola conspired with Rudd to defraud PCU. LaScola responded by filing a multicount counterclaim against PCU for breach of fiduciary duty, breach of contract, negligence, defamation, intentional infliction of emotional distress, malicious prosecution, abuse of process, and slander of title. After a hearing, a Superior Court justice granted PCU's summary-judgment motion.[1] On appeal LaScola claims that the motion justice erred because there were issues of fact concerning whether he had sustained any damages as a result of PCU's actions in discharging the mortgage and in filing a complaint against him.[2] Pur-

1. The motion justice dismissed LaScola's abuse-of-process and malicious-prosecution claims without prejudice, and they are not part of this appeal.

2. LaScola's briefs do not itemize the damages that he allegedly sustained with respect to each

different claim. Moreover, LaScola has not adequately raised on appeal any questions regarding the dismissal of his breach of fiduciary duty, breach of contract, negligence, and slander of title counterclaims. Thus, these issues are considered waived. Sup.Ct.R. 16(a).

suant to Rule 16(h) of the Supreme Court Rules of Appellate Procedure, we directed LaScola to show cause why his appeal should not be summarily decided. After reviewing the parties' legal memoranda, hearing their oral arguments, and reviewing the record, we conclude that cause has not been shown and that the appeal can be decided at this time.

LaScola offered no medical substantiation to support his claims that PCU's conduct caused him to suffer anxiety, nervousness, and fears about losing his home and being reported to the FBI or state police. He did assert that he had to seek the help of a chiropractor to relieve the stress caused by PCU's actions and that the allegations in PCU's complaint triggered his preexisting condition of chronic diarrhea. But without expert medical evidence to buttress these claims, they are insufficient to create a triable issue of fact. *Vallinoto v. DiSandro,* 688 A.2d 830 (R.I.1997); *Clift v. Narragansett Television L.P.,* 688 A.2d 805 (R.I.1996). Thus, to establish causation for his alleged damages, LaScola was required to submit expert medical substantiation of the link between his alleged physical and mental symptoms and the claimed wrongdoing by PCU. This he failed to do.

Moreover, the supposedly defamatory allegations in PCU's complaint were privileged because they were relevant to the issues of this case. *See Vieira v. Meredith,* 84 R.I. 299, 301, 123 A.2d 743, 744 (1956) (libelous matters in pleadings are absolutely privileged when the statements are relevant to the issues of the case, even if the allegations are false and malicious). Finally, none of the allegations in the complaint rises to the level of such extreme or outrageous conduct as is necessary for an intentional-infliction-of-emotional-distress claim. *See Curtis v. State of Rhode Island Department for Children and Their Families,* 522 A.2d 203 (R.I.1987); *Champlin v. Washington Trust Co.,* 478 A.2d 985 (R.I.1984).

Accordingly the motion justice properly entered summary judgment on LaScola's counterclaims, and his appeal is denied and dismissed.